REED et al. v. WOLCOTT, *Guardian.*

No. 5948. Opinion Filed March 3, 1914.

(139 Pac. 318.)

1. APPEAL AND ERROR—Case-Made—Time for Service and Settlement. An order granting an extension of time to make and serve a case-made beyond six months from the date of the judgment, limited for the prosecution of writs of appeal, is a nullity; and while such order remains unmodified the court cannot settle the case, over the objection of defendants in error, though within the six

months, since they are entitled to three days from the expiration of the time fixed for the service of the cause to suggest amendments thereto.

2.   **SAME.** It was error for the trial judge to settle a case-made without allowing defendants in error the statutory three days from the expiration of the period limited from the service of the case-made to suggest amendments, though such allowance would have extended settlement beyond the time limited for filing the case in the appellate court.

(Syllabus by the Court.)

*Error from District Court, Washington County;*
*R. H. Hudson, Judge.*

Action by W. Wolcott, as guardian of Ala M. Reed, a minor, against Andrew Reed, former guardian, and the Title Guaranty & Surety Company, as surety. Judgment for plaintiff, and defendants bring error. Dismissed.

*Norman Barker* and *A. E. Craver,* for plaintiffs in error.

*Hill & Sompayrac,* for defendant in error.

TURNER, J.   Judgment was rendered and entered in this cause May 31, 1913. On July 3, 1913, motion for a new trial was overruled and defendant given 90 days from that date to make and serve a case-made. Before the expiration of that time he was granted a further extension of 90 days from October 1, 1913, which was an extension beyond the six months in which to file petition in error in this court by Sess. Laws 1910-11, c. 18, p. 35. On December 22, 1913, case-made was served on the attorneys for defendant in error. No suggestions of amendments were made, and they refused to waive their right so to do. On December 30, 1913, after three days' notice served on attorneys for defendant in error, the case was settled and signed in their absence. They now move to dismiss the proceeding for the reason that the order of October 1, 1913, was null and void, as the time was extended beyond that allowed by statute, and second, that the action of the trial judge in signing and settling the case-made before the expiration of their statutory time to suggest amendments, was void. Both objections are good. This was the state of the record in *First Nat. Bank v. Valley State Bank,* 59 Pac. (Kan.) 335. There the syllabus reads:

"(1)   An order granting an extension of time to make and serve a 'case' in error beyond a year from the date of the judgment, limited for the prosecution of writs of appeal, is a nullity, and while such order remains unmodified the court cannot settle the case, over the objection of defendants, though within the year, since they are entitled to three days from the expiration of the time fixed for the service of the case to suggest amendments thereto.

"(2)   It was error for the trial judge to settle a case in error without allowing defendants in error the statutory three days from the expiration of the period limited from the service of the 'case' to suggest amendments, though such allowance would have extended settlement beyond the time limited for filing the case in the appellate court."

See, also, *Farmer v. State,* 5 Okla. Cr. 152, 114 Pac. 753.

The cause is dismissed.

HAYES, C. J., and KANE and LOOFBOURROW, JJ., concur; WILLIAMS, J., absent, and not participating.