## CUMMINGS v. TATE et al.

No. 6974. Opinion Filed March 16, 1915.

(147 Pac. 304.)

1. **APPEAL AND ERROR—Case-Made—Time to Suggest Amendments.** The time allowed by the trial court for the suggestion of amendments to a case-made commences to run, not from the date of the service of the case-made, but from the expiration of the period of extension.

2. **SAME—Case-Made—Signing and Settling—Time.** In the absence of a waiver by the defendant in error, a case-made signed and settled by the trial court before the expiration of the time granted for the suggestion of amendments is a nullity.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County;*

*James W. Steen, Judge.*

Action between C. L. Cummings and M. M. Tate and others. From the judgment, Cummings brings error. Dismissed.

*H. G. McKeever* and *H. J. Sturgis,* for plaintiff in error.

*F. L. Boynton, Hinch & Bradley,* and *P. S. Nagle,* for defendants in error.

KANE, C. J. This cause comes on to be heard upon a motion to dismiss, filed by the defendants in error, upon the ground that the case-made is void because it was settled and certified by the trial judge in the absence of the defendants in error, or their attorneys, and without their consent, prior to the expiration of the time granted said defendants in error to suggest amendments thereto.

The motion seems to be well taken. The record shows that on the 9th day of May, 1914, the motion for new trial was filed; that on the 16th day of May, 1914, said motion

for new trial was overruled, the losing party being granted 90 days within which to prepare and serve case-made, ten days being allowed for the suggestion of amendments, said case-made to be signed and settled upon five days' notice. On July 7, 1914, 60 days' extension from that date was granted within which to make and serve case-made. Thereafter other extensions were granted which carried the time for making and serving case-made up to, and inclusive of, the 20th day of December, 1914. All of these orders extending the time for making and serving case-made also provide for ten days in which to suggest amendments, said case-made to be settled upon five days' notice. On the 7th day of November notice was served upon defendants in error that said case would be presented for signing and settlement on the 13th day of said month. On that day, there being no appearance for the defendants in error, said case-made was signed and settled by the trial judge. It will be observed that the case-made was signed and settled a considerable time before the expiration of the time granted for making and serving the same.

The rule seems to be that the defendant in error is entitled to the full time allowed for the suggestion of amendments after the expiration of the time allowed for making and serving the case-made, unless he waives the same, and he does not seem to have done so in the case at bar. In *Reed v. Walcott*, 40 Okla. 451, 139 Pac. 318, a motion to dismiss upon similar grounds was filed. It was held that the defendants in error "are entitled to three days from the expiration of the time for the service of the case to suggest amendments thereto." To the same effect is *M., K. & T. Ry. Co. v. City of Ft. Scott*, 15 Kan. 435. In the latter case, by consent of the parties in open court, it was ordered that the defendants have 30 days from the date of the order in which to make case-made and exceptions, which case so made should be served upon the de-

fendant in error at least five days before the same should be submitted to the judge for settlement. The order was dated April 2d; the case-made was served April 21st; notice that the case would be settled on May 1st was given on April 29th. No amendments were suggested. Counsel for plaintiffs were not present to settle the same on May 1st. Mr. Justice Brewer, delivering the opinion, said:

"It is true the statute may be read so as to mean that the three days in which to suggest amendments shall be three days after the actual service of the case, and not after the time given in which to serve. Thus, in this case, the case was served on the 21st of April, several days before the expiration of the time granted. Upon such a construction amendment would have been required by the 24th. But the other construction—that making the three days to commence upon the expiration of the time given for making and serving the case—while equally warranted by the language, is more in harmony with the definitions and regularity of judicial proceedings, and therefore to be preferred. A party whose adversary has taken time to make a case knows exactly when he must be ready with his amendments, and can arrange his business accordingly, while otherwise he must be in suspense waiting the action of his adversary, and ready to proceed immediately after such action."

For the reason stated, the motion to dismiss must be sustained.

It is so ordered.

All the Justices concur.