## MEMPHIS STEEL CONST. CO. v. HUTCHISON.

No. 5376.      Opinion Filed March 30, 1915.

(147 Pac. 771.)

1.  **APPEAL AND ERROR—Making and Serving Case-Made—Extension of Time.** An order extending the time within which to make and serve case-made beyond the six months period fixed by law is void.

2.  **SAME—Time to Suggest Amendments—Computation.** The time within which to suggest amendments to a case-made begins to run after the expiration of the time allowed within which to make and serve same, and not after the actual service thereof.

(Syllabus by the Court.)

*Error from District Court, Washington County;*
*R. H. Hudson, Judge.*

Action between the Memphis Steel Construction Company and W. H. Hutchison. From the judgment, the Construction Company brings error. Dismissed.

*Sherman, Veasey & O'Meara,* for plaintiff in error.

*J. C. Dougherty* and *W. B. Allen,* for defendant in error.

HARDY, J.   This case is presented on motion to dismiss for the reason that the case-made was settled and certified prior to the expiration of the time granted to suggest

amendments.   It appears from the case-made that motion
for a new trial was overruled on January 27, 1913, and de-
fendant given 90 days to make and serve case-made, 20 days
being allowed to suggest amendments, case-made to be set-
tled and signed on five days' notice in writing by either
party.   Various extensions of time were granted, and on
June 25, 1913, an order was made extending the time 30
days from the 1st day of July, 1913, which would extend
the time beyond the six months fixed by law in which peti-
tion in error and case-made must be filed in the Supreme
Court.   The last order, which undertook to extend the time
beyond the six-months period, no order having been made
shortening the time within which to make and serve case-
made, was a nullity, and its service after the time fixed
by the last valid order was void.   *Reed v. Wolcott*, 40 Okla.
451, 139 Pac. 318.

It is contended by counsel, however, that by serving the
case-made within the six months, the time allowed to plain-
tiff to suggest amendments would be three days after the
date of the service, as no time was fixed for the suggestion
of amendments in the orders of extension.   While it is true
that the orders of extension after the first order make no
mention of the time for suggesting amendments, we think
it is not necessary to pass upon the question as to whether
the time for suggesting amendments would be three days or
20 days, for the reason that, under the decision of this court
in *Cummings v. Tate, ante*, 147 Pac. 304, the plaintiff would
be entitled to time to suggest amendments after the expira-
tion of the time fixed for serving case-made, and not after
the actual service thereof.   In the opinion of the court, by
Mr. Chief Justice Kane, it is said:

"The rule seems to be that the defendant in error is en-
titled to the full time allowed for the suggestion of amend-
ments after the expiration of the time allowed for making
and serving the case-made, unless he waive the same."

See, also, *M., K. & T. Ry. Co. v. City of Ft. Scott,* 15 Kan. 435.

For the reasons stated, the motion to dismiss is sustained, and the cause is dismissed.

All the Justices concur.