## NICHOLSON *et al.* v. BINION, *Sheriff, et al.*

No. 7498.    Opinion Filed October 12, 1915.

(152 Pac. 370.)

**APPEAL AND ERROR—Case-Made—Settling and Signing—Notice.** A motion for a new trial was overruled on the 22d day of May, 1915, whereupon an order was entered, granting the losing party 30 days in which to prepare and serve a case-made for the Supreme Court, the defendant in error ten days thereafter to suggest amendments, case-made to be settled on five days notice. On the 17th day of June, 1915, counsel for plaintiff in error served their case-made, and on the 28th day of said month served notice that on the 3d day of July, 1915, said case-made would be presented to the trial judge for signing and settling. On said last date said case-made was signed and settled, the defendant in error not being present in person or by counsel, and not having suggested any amendments, or waiving any error that might exist in said case-made. **Held,** that said case-made was not prematurely signed and settled. **Held,** further, that such notice may be served while the time for suggesting amendments is still running, provided the time fixed by the notice for settling and signing does not encroach upon the time granted to suggest amendments.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by P. J. Nicholson and another against M. C. Binion, Sheriff of Oklahoma County, Okla., and others. Judgment for defendants, plaintiffs bring error, and defendants move to dismiss. Motion denied.

*Choate & Choate,* for plaintiffs in error.

*Bennett & Pope,* for defendants in error.

KANE, C. J.   The motion for new trial herein was overruled on the 22d day of May, 1915; on which day the trial court made the following order:

"And it is ordered by the court that plaintiffs have 30 days from this date in which to prepare and serve their case-made for appeal to the Supreme Court upon defendants; that the defendants have ten days thereafter in which to suggest amendments; said case-made to be settled upon five days' notice unless otherwise waived by either party."

On the 17th day of June, 1915, counsel for plaintiffs in error served their case-made, and thereafter, on the 28th day of June, 1915, served the following notice:

"To Messrs. Bennett & Pope, Attorneys for Defendants:   You are hereby notified that on the 3d day of July, 1915, at nine o'clock a. m., or as soon thereafter as counsel can be heard, the case-made in said cause with any amendments that you may suggest, will be presented to the Honorable John W. Hayson at his chambers in the city of Oklahoma City for settlement.

"[Signed]          CHOATE & CHOATE,
                                     *"Attorneys for Plaintiffs."*

On said 3d day of July, said case-made was duly signed and settled by the trial judge.   Now come counsel for the defendants in error, and move the court to dismiss the proceeding in error upon the ground that, inasmuch as neither the defendants in error, nor any of them,

nor their said counsel, signed any waiver of the time and place or manner of the settlement of said case-made, nor did either or any of them waive the right to make any suggestion of amendment thereto, nor did any or either of them waive any errors that might exist in said case-made, or the right to have the same corrected or amendments made, said case-made was signed and settled prematurely, in that it was signed and settled prior to the time granted said defendants in error to suggest amendments thereto.

*Cummings v. Tate,* 47 Okla. 54, 147 Pac. 304, recently handed down by this court, and *M., K. & T. Ry. Co. v. City of Ft. Scott,* 15 Kan. 435, are cited in support of this contention. In the former case it was held:

"(1)  The time allowed by the trial court for the suggestion of amendments to a case-made commences to run, not from the date of the service of the case-made, but from the expiration of the period of extension.

"(2)  In the absence of a waiver by the defendant in error, a case-made, signed and settled by the trial court before the expiration of the time granted for the suggestion of amendments, is a nullity."

Applying the foregoing rule to the case at bar, we find that the period of extension expired on the 22d day of June, 1915. If the time granted to suggest amendments commences to run from that date, the defendant in error would have until the 2d day of July following for that purpose. If the case-made had been signed and settled by the trial court before the expiration of that time, it would have been a nullity upon the authority of the cases cited. But the case-made was not signed and settled until one day after the expiration of the period of extension.

The cases cited have no application to this precise situation. Counsel for defendants in error assume that it was incumbent upon the plaintiffs in error to wait until the expiration of the period of extension to serve their notice of the time and place for settlement of the case-made. There is no foundation in the authorities for this assumption, except where the order of the trial court states specifically that the notice shall be given after the expiration of the time for suggesting amendments. If, as in the case before us, the order extending time merely states that the case-made shall be settled upon five days' written notice, such notice may be served while the time for suggesting amendments is still running, provided the time fixed by the notice for settling and signing does not curtail the time granted to suggest amendments.

For the reason stated, the motion to dismiss is over-ruled.

All the Justices concur.