## FREY v. McCUNE *et al.*

No. 7388.    Opinion Filed November 9, 1915.

Rehearing Denied December 7, 1915.

(153 Pac. 109.)

1. APPEAL AND ERROR—Case-Made—Time to Suggest Amendments. The time within which to suggest amendments begins to run, not from the date of service of case made, but from the expiration of the time allowed within which to make and serve same.

2. APPEAL AND ERROR—Settlement of Case-Made—Service of Notice—Time. Notice of settlement of case-made may be served while the time for suggesting amendments is still running, provided the time fixed in the notice for settling and signing does not encroach upon the time granted to suggest amendments.

3. APPEAL AND ERROR—Case-Made—Premature Settling and Signing. A case-made settled and signed before the expiration of the time allowed for suggesting amendments is a nullity, and confers no jurisdiction upon the Supreme Court to review alleged errors presented thereby.

(Syllabus by the Court.)

*Error from District Court, Stephens County;*
*Frank M. Bailey, Judge.*

Action by Henry Frey against E. McCune and another. Judgment for defendants, and plaintiffs brings error. Dismissed.

*W. H. C. Taylor,* for plaintiff in error.

*Bond & Sandlin,* for defendants in error.

HARDY, J. This case is presented on motion to dismiss. The only ground for dismissal in the motion which will be considered is:

"Fifth. That the purported notice attached to the case-made, if considered at all, shows the same to have been given before the expiration of the time allowed defendants in error in which to suggest amendments; and said case-made was signed and settled before the expiration of such time."

Judgment was rendered on November 27, 1914, at which time plaintiff in error was given 60 days in which to prepare and serve case-made. On January 23, 1915, a further extension of 60 days was granted plaintiff in error; and on March 20, 1915, plaintiff was granted a further extension of 45 days to prepare and serve case-made, defendants to have ten days to suggest amendments, and case to be signed and settled on five days' notice in writing, which last extension expired May 11, 1915.

The case-made was served on attorneys for defendants on April 24, 1915; and on May 14, 1915, notice of settlement was served, designating May 21, 1915, at 9 o'clock a. m., as the time of settlement of case-made. On May 21, 1915, the case-made was settled and signed by the trial judge.

Defendants in error contend that, as the notice of settlement was given before the expiration of the time allowed for the suggestion of amendments, same was void, and the case could not be settled thereunder; while plaintiff in error says that, as the case was served on April 24th, defendants had more than ten days to suggest amendments, and that the time for suggesting amendments began to run from the date of service, and quote from the record as follows:

"Defendants to have ten days after service of same, within which to suggest amendments thereto. * * * "

It has been repeatedly held by this court that the time within which to suggest amendments to a case-made begins to run after the expiration of the time allowed within which to make and serve same, and not after the actual service thereof. *Cummings v. Tate*, 47 Okla. 54, 147 Pac. 304; *Memphis Steel Const. Co. v. Hutchinson*, 47 Okla. 72, 147 Pac. 771.

It was permissible to serve notice of the time and place the case-made would be presented for settlement before the expiration of the time fixed for suggesting amendments. In *Nicholson et al. v. Binion et al.* (No. 7498) *ante*, p. 181, 152 Pac. 370, the court said:

" * * * That such notice may be served while the time for suggesting amendments is still running, provided the time fixed by the notice for settling and signing does not encroach upon the time granted to suggest amendments."

In this case, however, the defendants were allowed until the close of the day of May 21st in which to suggest amendments, and as the case-made was settled and signed on that day, the five days' notice encroached upon the time allowed for suggesting amendments, and the case was settled prematurely, and is therefore void and confers no jurisdiction upon this court to review alleged errors presented thereby.

The record is certified as a transcript, but all the errors presented are errors occurring at the trial, and cannot be considered except by case-made.

The motion to dismiss is therefore sustained, and the case dismissed.

All the Justices concur.