## VAUGHN v. RENNIE *et al.*

No. 6453.   Opinion Filed December 21, 1915.
Rehearing Denied February 15, 1916.

(156 Pac. 632.)

1.   **APPEAL AND ERROR—Record—Case-Made—Requisites.** The absence from the record of a recital that the case-made contains all the evidence introduced on the trial of the cause is ground for dismissal, if the question involved requires an examination of the evidence; but, where this is the only defect in the record, it is the policy of this court on application to permit the record to be withdrawn for the purpose of supplying this omission.

2.  **SAME—Time for Settlement.** The time allowed for suggesting amendments does not begin to run until the date which the court has fixed for serving the case-made, regardless of the fact that it may have been served before that date. And the defendant in error has the full time allowed him from that date in which to examine the case-made and suggest amendments.

(Syllabus by Brett, C.)

*Error from County Court, Garvin County;*
*W. R. Wallace, Judge.*

Action by T. A. Vaughn against Geo. B. Rennie and another. Judgment for defendants, and plaintiff brings error. Dismissed.

*Yerker E. Taylor,* for plaintiff in error.

*Albert Rennie,* for defendant in error.

Opinion by BRETT, C. This cause comes up in this court on the motion of defendants in error to dismiss the appeal. There are a number of grounds urged, but we shall notice only two. The first is, that there is no recital in the record that the case-made contains all the evidence introduced at the trial of the cause; and, second, that the case-made was signed and settled before the time had expired for suggesting amendments.

That both of these propositions are well taken is apparent upon the face of the record.

As to the first, there is a certificate of the attorney of plaintiff in error that the case-made contains all the evidence. But this certificate is unauthorized and insufficient. *Gaffney v. Stanard et al.,* 31 Okla. 541, 122 Pac. 510. But where the absence of this recital is the only defect in the case-made, and the only ground for dismissal, it is the policy of this court on application to permit the record to be withdrawn for the purpose of sup-

plying the omission. And in this case we would gladly permit this to be done and sustain the record, if it were the only ground urged for dismissal.

2. But the second ground, that the case-made was signed and settled before the time for the suggestion of amendments had expired, is fatal, unless this time to suggest amendments is in some way waived, and one that cannot be corrected by amendment. The theory of this rule is that the attorney for defendant in error has the right to rely upon the terms of the order of the court, and can arrange his business accordingly so as to set apart the time fixed by the court within which he is allowed to suggest amendments for that particular duty, and shall not be compelled to disarrange his plans by being forced to examine the record sooner. The time in which he must suggest amendments does not begin to run from any time that the case-made may happen to be served upon him, but from the expiration of the time allowed the plaintiff in error to make and serve the case-made. In other words, if the plaintiff in error is given 90 days in which to make and serve a case-made and the defendant in error ten days in which to suggest amendments, if the case-made is served in 30 days the defendant in error, if he desires, can wait until the expiration of the 90 days before he begins to examine the record, and may then take his full ten days from that time to suggest amendments. *Cummings. v. Tate et al.,* 47 Okla. 54, 147 Pac. 304.

In the record before us the defendants in error have done nothing to waive their right to the time allowed them within which to suggest amendments. They have suggested no amendments, signed no waiver, nor entered into any stipulation that the case-made is correct, etc.

And the case-made was signed and settled nearly a month before their time to suggest amendments had expired. And the two grounds above mentioned being well taken, we think the appeal should be dismissed.

By the Court: It is so ordered.