## GILLIAM et al. v. GUARANTY STATE BANK et al.

No. 6246.  Opinion Filed May 9, 1916.

(157 Pac. 750.)

1.  **APPEAL AND ERROR—Record—Case-Made—Time for Settlement.** The time allowed by the trial court for the suggestion of amendments to a case-made commences to run not from the date of the service of the case-made, but from the expiration of the period of extension.

2.  **SAME.** In the absence of a waiver by the defendant in error, a case-made signed and settled by the trial court before the expiration of the time granted for the suggestion of amendments is a nullity.

(Syllabus by Hooker, C.)

Error from District Court, Carter County;
Stilwell H. Russell, Judge.

Action between D. F. Gilliam and others and the Guaranty State Bank and others. From the judgment, Gilliam and others bring error. Dismissed.

Potterf & Walker, for plaintiffs in error.

Cruce & Potter and Johnson & McGill, for defendants in error.

Opinion by HOOKER, C.  This cause is before us on motion to dismiss, filed by the Guaranty State Bank, one of the defendants in error. It contends that the case-made is void for the reason that it was signed and settled by the trial judge in the absence of the defendant in error or its attorneys and without its consent and before the expiration of the time granted defendant in error to suggest amendments thereto.

57—22

The record discloses that on February 6, 1914, the motion for new trial filed by the plaintiffs in error was overruled by the trial court, and the plaintiffs in error were given 90 days thereafter in which to make and serve case-made, and the said defendant in error the Guaranty State Bank was allowed ten days thereafter within which to suggest amendments; the same to be signed and settled on five days' notice by either party thereto. On March 27, 1914, the case-made was duly served by the plaintiffs in error upon the defendants in error, and the Ardmore State Bank waived its appearance for the settlement and signing of the case-made, and consented that the same might be signed and settled at any time by the judge at his convenience. On the same day the attorney for defendant in error the Guaranty State Bank was served with notice that the plaintiffs in error would present the case-made to the judge who tried the cause on the 6th day of April, 1914, at the Lee Huckins Hotel in Oklahoma City, or at his chambers in the Supreme Court Building in sa'd city. No waiver appears to have been made by the Guaranty State Bank or its attorneys to the signing and settlement of the case-made, but the certificate of the trial judge reads as follows:

"The garnishee, Ardmore National Bank, having waived being present at the signing and settling of said case-made, and the plaintiff the Guaranty State Bank having been served with due and timely notice of the time and place of its settling of said case-made, but was not present in pursuance to said notice, the service of which its attorneys acknowledged, and the defendant and interpleader appearing by Potterf & Walker, their attorneys, and after taking into consideration the amendments suggested by the plaintiff, which are that this record erroneously contains the proceedings of the first trial of the

cause against all of the parties, and after due considera-
tion of the same finds that they should not be allowed, and
that the foregoing paragraphs contain a true and correct
case-made of all the proceedings upon the first and second
trials," etc.

This question has been before this court a number of
times, and the most notable case is that of *Cummings v.
Tate,* reported in 47 Okla. 54, 147 Pac. at page 304, where
this court, speaking through Kane, C. J., said:

"The rule seems to be that the defendant in error is
entitled to the full time allowed for the suggestion of
amendments after the expiration of the time allowed for
making and serving the case-made, unless he waived the
same, and he does not seem to have done so in the case at
bar. * * * "

And in this case above cited, it was further held that
the time allowed by the trial court for the suggestion of
amendments to a case-made commenced to run not from
the date of the service of the case-made, but from the
expiration of the period of extension. And it is further
stated therein that in the absence of a waiver by the de-
fendant in error a case-made signed and settled by the
trial court before the expiration of the time granted for
the suggestion of amendments is a nullity. In the instant
case it is not contended that the defendant in error the
Guaranty State Bank was present in person or by attorney
at the time the case-made was signed and settled by the
trial judge, nor is it contended that it or its attorneys
ever consented to the signing and settlement of the same
or waived any of the time given them by the order. In
fact, the certificate of the trial judge and the record af-
firmatively show that they were not present, although
notice had been served upon them, and if any suggestion

was made by the Guaranty State Bank or its attorneys as to what should be incorporated in the case-made, the same is neither made a part of the case-made nor attached thereto. We do not think a waiver is shown by the record.

We are therefore of the opinion that the motion is well taken, and the motion to dismiss must be sustained.

By the Court: It is so ordered.