## HART *et al.* v. NEW STATE BANK.

No. 8060.    Opinion Filed October 10, 1916.

Rehearing Denied October 31, 1916.

(160 Pac. 605.)

**APPEAL AND ERROR—Record—Case-Made—Time for Settlement.** In the absence of a waiver by defendant in error, a case-made, settled and signed before the expiration of the time allowed for suggesting amendments, is a nullity, and confers no jurisdiction upon the Supreme Court to review alleged errors presented thereby.

(Syllabus by the Court.)

*Error from District Court, Woodward County;*
*James B. Cullison, Judge.*

Action between Essie Hart and others and the New State Bank. From the judgment, Essie Hart and others bring error. Dismissed.

*C. W. Herod* and *E. C. Gray*, for plaintiffs in error.

*Chas. R. Alexander,* for defendant in error.

PER CURIAM. Motion to dismiss appeal herein is based upon the ground that the case-made was signed and settled before the expiration of the time given defendant in error to suggest amendments. The order overruling motion for new trial and from which this appeal is taken was made on October 29, 1915, and plaintiffs in error were granted "90 days' additional time" within which to make and serve case-made, ten days allowed defendant in error for suggesting amendments, and the case-made to be settled and signed upon five days' notice. In pursuance of this order, plaintiffs in error had 100 days in addition to the 15 days allowed by statute, making in all 115 days, within which to serve case-made and for the suggestion of amendments thereto; the time expiring on February 21, 1916. The time for suggesting amendments to case-made by defendant in error began to run on February 11th, and expired on February 21st. The case-made was served upon defendant in error on the 18th day of November, 1915, and notice that the case-made would be presented to the trial judge for settling and signing on the 11th day of February, 1916, was served upon the defendant in error on the — day of ——————, 1915. The case-made was signed and set-tled on February 11, 1916. It therefore clearly appears that the case-made was signed and settled before the expiration of the time given defendant in error to suggest amendments, and upon authority of *Frey v. McCune et al.,* 49 Okla. 493, 152 Pac. 109; *Cummings v. Tate,* 47 Okla. 54, 147 Pac. 304, and *Memphis Steel Const. Co. v. Hutchinson,*

47 Okla. 72, 147 Pac. 771, the case-made is a nullity, and confers no jurisdiction upon this court to review alleged errors presented thereby.

The appeal is therefore dismissed.