## SOVEREIGN CAMP OF WOODMEN OF THE WORLD v. CHUMLEY.

No. 8342.   Opinion Filed October 31, 1916.

(161 Pac. 1175.)

**APPEAL AND ERROR—Case-Made—Amendments.** The time within which to suggest amendments to a case-made begins to run after the expiration of the time allowed within which to make and serve same, and not after the actual service thereof, and a case-made signed and settled before the expiration of the time within which to suggest amendments is a nullity.

(Syllabus by the Court.)

*Error from District Court, Stephens County;
Cham Jones, Judge.*

Action by Ida Chumley against the Sovereign Camp of the Woodmen of the World. There was a judgment for plaintiff, and defendant brings error. Dismissed.

*Maxey & Brown,* for plaintiff in error.

*E. H. Bond* and *J. M. Sandlin,* for defendant in error.

PER CURIAM.   It is urged that this appeal should be dismissed, for the reason that:

"The case-made' is void because it was settled and certified by the trial judge in the absence of defendant in error or her attorneys and without their consent prior to the expiration of the time granted defendant in error to suggest amendments."

The facts are:   On November 26, 1915, plaintiff in error was granted 90 days to make and serve case-made, ten days for suggestion of amendments and same to be settled on five days' notice.   This extension of time for making and serving case would have expired on Febraury 24, 1916; but on February 17th plaintiff in error was

granted 45 days additional within which to make and serve case-made, which time would expire on April 10, 1916. In addition thereto the last order provided that "the plaintiff to have ten days after service of case-made in which to suggest amendments thereto." The case-made was served March 25, 1916, and was settled and signed on April 16, 1916, pursuant to notice given defendant in error on April 13th. It therefore clearly appears that the time for suggesting amendments would begin to run from April 10th, and that the case-made was settled and signed before the expiration of the time given to suggest amendments.

The case of *Frey v. McCune et al.*, 49 Okla. 493, 153 Pac. 109, is squarely in point. In that case, as here, the order giving time for suggesting amendments read, "Defendant to have ten days after service of same within which to suggest amendments thereto," and it was said:

"It has been repeatedly held by this court that the time within which to suggest amendments to a case-made begins to run after the expiration of the time allowed within which to make and serve same, and not after the actual service thereof. *Cummings v. Tate,* 47 Okla. 54, 147 Pac. 304; *Memphis Steel Const. Co. v. Hutchinson,* 47 Okla. 72, 147 Pac. 771."

The appeal is therefore dismissed.