**WILSON v. BRANIGAN et al.**

No. 8782—Opinion Filed June 12, 1917. Rehearing Denied Nov. 20, 1917.

(168 Pac. 819.)

(Syllabus.)

**Appeal and Error—Case-Made—Time for Settlement.**

In the absence of a waiver by defendants in error, a case-made, settled and

signed before the expiration of the time within which to suggest amendments, is void.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action between Clara L. Wilson and John S. Branigan and others. Judgment for the latter, and the former brings error. Dismissed.

Warren K. Snyder, for plaintiff in error.

Burford, Robertson, Hoffman & Burford, for defendants in error.

PER CURIAM. It is urged that this appeal should be dismissed, upon the ground, among others, that the case-made is void, because the same was settled and signed before the expiration of the time granted defendants in error for suggesting amendments. The motion to dismiss the appeal must be sustained.

On May 31, 1916, motion for new trial upon the ground of newly discovered evidence was overruled, and plaintiff in error granted 90 days therefrom in which to make and serve case-made upon appeal to this court, defendant in error 10 days thereafter in which to suggest amendments, and the case-made to be settled and signed upon 5 days' notice in writing by either party. On August 10th, 30 days' additional time was granted; on September 20th, 30 days' additional time; on October 19th, 10 days' additional time; on November 2d, 10 days' additional time; and on November 9th, 10 days' additional time—making in all 180 days from May 31, 1916, within which to make and serve case-made; and defendants in error were given 10 days thereafter within which to suggest amendments, same to be settled and signed upon 5 days' notice. Plaintiff in error, therefore, had until November 27th within which to make and serve case-made, and defendants 10 days thereafter within which to suggest amendments. No waiver by defendants in error of the suggestion of amendments was made. The case-made was served on November 20th, and notice of settlement and signing served on November 22d, that the case-made would be settled and signed on November 30th, which was done, and the petition in error and case-made filed in this court on said November 30th.

The six months provided by statute within which to perfect appeal expired on November 30th. The 180 days given in which to prepare and serve case-made expired on November 27th. The case-made was settled and signed on November 30th, which was 7 days before the expiration of the time given defendants in error within which to suggest amendments, without waiver by defendants in error of their time to suggest amendments. But it is contended by plaintiff in error that, as the orders of extension provided that defendants in error should have "10 days after service of case-made" within which to suggest amendments, and that, as the case-made was served on November 20th, defendants in error's contention that they were not given the 10 days allowed for suggesting amendments should not be sustained. But it is well-settled in this jurisdiction that the time to suggest amendments begins to run, not from the date of service of case-made, but after the expiration of the time given in which to make and serve case-made, and a case-made settled and signed before the expiration of such time, in the absence of a waiver, is a nullity. Cummings v. Tate, 47 Okla. 54, 147 Pac. 304; Vaughn v. Rennie, 55 Okla. 536, 156 Pac. 632; Sovereign Camp v. Chumley, 58 Okla. 681, 161 Pac. 1175; Hart v. New State Bank, 58 Okla. 654, 160 Pac. 605; Kostachek v. Owen, 59 Okla. 287, 159 Pac. 366.

The appeal is accordingly dismissed.

All the Justices concur.