## SOUTHWESTERN SURETY INS. CO et al. v. DIETRICH.

No. 9543—Opinion Filed April 9, 1918.

(172 Pac. 51.)

(Syllabus.)

**Appeal and Error—Perfection of Appeal—Motion to Dismiss.**

Where due notice is given of the time and place that a case-made will be presented to the trial judge for settlement and signature, the party upon whom such notice is served cannot ignore the same, or treat it as a nullity, although the time fixed therein for presenting such case to the judge for settlement and signing may be at a time earlier than it could properly be settled and signed and when the trial judge, in the absence of the party upon whom such notice has been served, and without objection from him, or from any other person, settles and signs such case-made when presented to him, and nothing further is done in reference thereto, the Supreme Court will, in the absence of other irregularities, treat the case as valid and will not permit same to be questioned in the absence of a showing that application was made to the trial judge to allow the time to which such party was entitled by the order

and that by reason of the failure of the court or judge to grant such time the party was prevented from suggesting amendments which he would have suggested and was entitled to have considered in the settlement of such case.

Turner and Kane, JJ., dissenting.

Error from District Court, Caddo County; Will Linn, Judge.

Action between the Southwestern Surety Insurance Company and others, and Lotsie B. Dietrich. There was a judgment for the latter, and the former bring error. On motion to dismiss. Motion denied.

G. A. Paul and Dyke Ballinger, for plaintiffs in error.

L. E. McKnight, for defendant in error.

HARDY, J. This case comes on to be heard upon motion to dismiss appeal filed herein November 24, 1917. The grounds of the motion are that the case-made is a nullity because it was settled and signed in the absence of defendant in error and her attorneys without their consent and prior to the expiration of the time fixed for the suggestion of amendments thereto. Judgment was rendered on May 27, 1917, and on the same day motion for new trial was filed and overruled and an extension of 90 days was granted in which to prepare and serve case-made, and 10 days thereafter to suggest amendments, same to be settled and signed on 5 days' notice. August 8, 1917, an order was made granting an additional 60 days' time in which to prepare and serve case-made, and three days after the service of same in which to suggest amendments. The case was served September 22, 1917, and on September 28th notice was served that same would be presented to the trial judge for settlement and signing on October 2, 1917, on which day the case was settled and signed without an appearance or waiver by defendant in error or her attorney.

From the facts stated it is seen that the time for serving the case under the order of extension made August 8th did not expire until October 12, 1917, and the case was in fact settled and signed October 2, 1917, which was 10 days before the expiration of the time fixed by the order within which same should be served and 13 days before the expiration of the time allowed to suggest amendments. It further appears that there was no appearance by defendant in error in person or by attorney; no amendments were suggested nor any waiver filed in her behalf. The time in which to suggest amendments under the order began to run from the expiration of the time allowed in which to prepare and

serve case-made, and not from the actual service thereof. Cummings v. Tate, 47 Okla. 54, 147 Pac. 304. And this was so even though the order directed that the amendments should be suggested within 10 days from the time of the service instead of from the expiration of the time fixed in the order in which service might be had. Memphis Steel Const. Co. v. Hutchinson, 47 Okla. 72, 147 Pac. 771; Frey v. McCune, 49 Okla. 493, 153 Pac. 109. Wilson v. Branigan, 67 Okla. —, 168 Pac. 819.

Under some previous holdings of this court a case-made thus settled and signed is a nullity and presents nothing to the Supreme Court for review, but we think this holding should be modified to the extent of saying that such a case-made is irregular but not void. It is a well-established rule that a judgment rendered upon service of summons made for a time less than that required or before the day named in the summons by which defendant is required to answer is not void but irregular, and unless attacked in a manner provided by law will be upheld. Freeman on Judgments, § 135; Black on Judgments, § 85; White v. Crow, etc., et al., 110 U. S. 183, 4 Sup. Ct. 71, 28 L. Ed. 113: Nelson v. Becker, 14 Kan. 509: Foster v. Markland Dodge & Moore, 37 Kan. 32, 14 Pac. 452.

So we say, with reference to the action of the trial judge in the settlement and signing of a case-made, where due notice is given of the time and place that same will be presented to such judge for settlement and signature, the party upon whom such notice is served cannot ignore the same or treat it as a nullity although the time fixed therein for presenting such case to the judge for settlement and signing may be at a time earlier than it could properly be settled and signed, and where the judge of the court, in the absence of the party upon whom such notice has been served and without objection from. him or from any other person, settles and signs such case-made when presented to him, and nothing further is done in reference thereto, this court will, in the absence of other irregularities, treat the case as valid and will not permit the party to question same in this court in the absence of a showing that an application was made to the trial judge to allow the time to which the party was entitled under the order and that by reason of the failure of the court to grant such time the party was prevented from suggesting amendments which he would have suggested and was entitled to have considered in the settlement of such case. Gross v. Funk et al., 20 Kan. 655; Thomson v. Me-

ridian Life Ins. Co. of Indianapolis, Ind., 36 S. D. 175, 153 N. W. 993.

We are of the opinion that the true rule is, and we so declare it to be, that where a case-made is settled and signed by the trial judge prior to the time it might properly be settled and signed upon notice duly given of the time and place, and no appearance is made or amendments suggested, or objections offered by the party upon whom the notice was served, that the case made is not a nullity, but at most the action of the trial court is merely an irregularity which could be corrected upon application, by the party interested, to the trial court.

The motion to dismiss is therefore over-ruled.

All the Justices concur, except KANE and TURNER, JJ., who dissent.