CHESTNUT et al. v. OVERHOLSER.

No. 8878—Opinion Filed July 22, 1919.

(Syllabus by the Court.)

1. Appeal and Error—Time of Appeal—Effect of Motion for New Trial.

Where a motion for a new trial is unnecessary to present to this court for review an order or judgment appealed from, such motion and decision thereon by the trial court are ineffectual to extend the time within which to effect an appeal.

2. Same — Case-Made — Time to Suggest Amendments.

The time allowed by the trial court for the suggestion of amendments to a case-made commences to run, not from the date of the service of the case-made, but from the expiration of the period of extension.

3. Same—Premature Settlement.

In the absence of a waiver by the defendant in error, a case-made signed and settled by the trial court before the expiration of the time granted for the suggestion of amendments is a nullity.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action between M. J. Chestnut and others and Ed Overholser. From the judgment the parties first named bring error. Dismissed.

John H. Myers and Henry Gray, for plaintiffs in error.

Blake, Boys & Shear and W. M. Howenstein, for defendant in error.

KANE, J. This case came on to be heard upon motion to dismiss, filed by defendant in error, upon the grounds: first, that the case-made is void because it was settled and signed by the trial judge in the absence of the defendant in error or his attorneys and without his consent prior to the expiration of the time granted defendant in error to suggest amendments thereto; second, that the proceedings to review the action of the trial court were not instituted in the Supreme Court within the time provided by law; and third, that the case-made was not served upon defendant in error within the time provided by law.

Plaintiffs in error attempt to appeal from two separate orders or judgments rendered on different dates. The first order was entered on May 2, 1916, and was on the motion of the plaintiffs in error involving solely questions of law, and wherein, motion for new trial being unnecessary, the statutory time of six months within which to institute proceedings in the Supreme Court would begin to run on the date the order or judgment was rendered. The petition in error

and case-made were not filed in the Supreme Court within six months from May 2, 1916, and these proceedings are therefore void as to the order or judgment of that date. Powell v. Nichols et al., 110 Pac. 762, 26 Okla. 734; Cowart v. Parker-Washington Co., 136 Pac. 153, 40 Okla. 56; Williamson et al. v. Adams, 122 Pac. 499, 31 Okla. 503; Healy v. Davis, 122 Pac. 157, 32 Okla. 296; Manes v. Hoss, 114 Pac. 698, 28 Okla. 489; Bond et al. v. Cook et al., 114 Pac. 723, 28 Okla. 446; Clapp v. Putnam Co., 73 Oklahoma, 158 Pac. 297.

The second order or judgment was rendered September 16, 1916. Motion for new trial was overruled October 21, 1916. Ninety days from this latter date were given by the trial court in which to make and serve case-made; ten days thereafter for suggestion to amendments thereto, and five days written notice was required for the signing and settlement of the case-made. Under the order, the time for serving case-made would expire January 19, 1917. Defendant in error would have ten days, or until January 29, 1917, in which to suggest amendments. The case-made was served January 10, 1917. Notice of the signing and settlement of the case-made was served January 17, 1917, and the case-made was signed and settled January 20, 1917. The petition in error, with case-made, was filed with the Clerk of the Supreme Court on January 22, 1917, seven days before the expiration of the time given defendant in error in which to suggest amendments. Defendant in error did not suggest amendments, did not waive the five days' notice of the signing, did not appear at the time of the settlement of the case-made, and did not consent that it be signed and settled on January 20, 1917, or any other date. But one day's notice of the signing and settlement of the case-made was given, whereas the order of the court required five. In the absence of a waiver by the defendant in error, a case-made signed and settled by the trial court before the expiration of the time granted for the suggestion of amendments is a nullity. The case-made was signed and settled and filed in this court before the time given the defendant in error in which to suggest amendments had expired. The time allowed by the trial court for the suggestion of amendments to a case-made commences to run, not from the date of the service of the case-made, but from the expiration of the period of extension.

On the foregoing propositions see Robe v. Fullerton-Stewart Lumber Co., 149 Pac. 1158, 47 Okla. 617; First Bank of Maysville et al. v. Alexander, 149 Pac. 152, 47 Okla. 459; Reed et al. v. Wolcott. 139 Pac. 318 40 Okla.

451; Cummings et al. v. Tate, 147 Pac. 304, 47 Okla. 54; M., K. & T. Ry. Co. v. City of Ft. Scott, 15 Kan. 435; Sovereign Camp of W. of W. v. Chumley, 58 Okla. 681, 161 Pac. 1175; Kostacheck v. Owen, 59 Okla. 287, 159 Pac. 366; Wilson v. Braigen et al., 67 Oklahoma, 168 Pac. 819; Hart et al. v. New State Bank, 58 Okla. 654, 160 Pac. 605.

The reasons stated are sufficient for dismissal, and it is therefore unnecessary to discuss the third ground urged by defendant in error. The motion to dismiss is sustained.

SHARP, HARRISON, McNEILL, and JOHNSON, JJ., concur.