### WATSON v. SHAFFNER et al.

No. 10627—Opinion Filed Nov. 25, 1919.

(Syllabus by the Court.)

**1. Appeal and Error—Case-Made—Amendment.**

The time within which to suggest amendments to a case-made begins to run from the expiration of the time allowed within which to serve the same, and not from the actual service thereof, and the case-made signed and settled before the expiration of the time to suggest amendments is a nullity.

**2. Same—Case-Made—Time for Settling.**

Where plaintiff in error is granted 90 days in which to prepare and serve case-made, defendant in error given 10 days thereafter in which to suggest amendments, case-made to be settled on five days' notice; and thereafter, before the expiration of the 90 days, plaintiff in error is granted an extension of 60 days, and the order granting the extension is silent as to the suggestion of amendments or service, the defendant in error is entitled to 10 days from the expiration of the time granted by the order giving the extension.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action between M. M. Watson and H. G. Shaffner and another. From the judgment, Watson brings error. Dismissed.

Roscoe Cox, for plaintiff in error.

F. A. Rittenhouse, for defendants in error.

PITCHFORD, J. This case comes on to be heard upon motion to dismiss appeal filed herein May 16, 1919. The grounds of the motion are that the purported case-made is a nullity for the reason that the same was not settled and signed as required by law; that judgment on the motion for a new trial was entered on the 2nd day of December, 1918, at which time the plaintiff in error was given 90 days in which to make and serve a case-made. Defendants in error were given 10 days thereafter to suggest amendments thereto; said case-made to be settled upon five days' written notice. Prior to the expiration of said 90 days, the plaintiff in error procured an extension of time to make and serve his case-made. The order granting extension was silent as to time in which to suggest amendments, and for notice of settlement.

The order originally made extending the time would expire on the 2nd day of March, 1919; therefore, the defendants in error were entitled to 10 days from that time in which to suggest amendments. When the order was granted on the 27th day of February, 1919, allowing the plaintiff in error an extension of 60 days in which to make and serve the case-made, it being silent as to the time in which amendments should be suggested and for notice of settlement, the defendants in error would be allowed 10 days from the 2nd of May, 1919, in which to suggest amendments.

On the 24th day of April, plaintiff in error served the defendants in error with notice that on the 1st day of May, 1919, at 9 o'clock a. m., or as soon thereafter as counsel could be heard, the case-made would be presented to the judge at his chambers in the city of Chandler for settlement. At the time mentioned in the notice the case-made was presented to the judge, at which time the same was settled, allowed, certified and signed. The only party present and represented at the hearing at the time the case-made was settled and signed was the attorney for the plaintiff in error. The defendants in error were not present, either in person or by attorney, and the case-made was settled and signed in their absence. Defendants in error did not suggest amendments, did not serve the 5 days' notice of the signing, did not appear at the time the settlement of the case-made, did not waive time, and did not consent that it be signed and settled on May 1, 1919, or at any other date.

In Chestnut et al. v. Overholser, 76 Oklahoma, 182 Pac. 683, in delivering the opinion of the court, Justice Kane said:

"The time allowed by the trial court for the suggestion of amendments to a case-made

1—77

commences to run, not from the date of the service of the case-made, but from the expiration of the period of extension. * * * In the absence of a waiver by the defendant in error, a case-made signed and settled by the trial court before the expiration of the time granted for the suggestion of amendments is a nullity."

In the case of M., K. & T. R. Co. v. The City of Ft. Scott, 15 Kan. 330, in an opinion by Justice Brewer, the rule is laid down as follows:

"The statute allows three days, after the time fixed for making and serving case, for the suggestion of amendments; and an extension of time for making and serving a case does not take away the three days for the suggestion of amendments, and such latter time commences to run not from the date of the actual service of the case-made, but from the expiration of the period of extension."

This case was decided in 1875 and was a construction of the statutes and laws of Kansas at the time we adopted the Kansas Code of Procedure, and became the law of Oklahoma.

In the case of Reed v. Wolcott, 40 Okla. 451, 139 Pac. 318, this court, speaking through Justice Turner, lays down the rule as follows:

"It was error for the trial judge to settle a case-made without allowing the defendants in error the statutory three days from the expiration of the period limited from the service of the case-made to suggest amendments, though such allowance would have extended settlement beyond the time limited for filing the case in the appellate court."

In Memphis Steel Const. Co. v. Hutchison, 47 Okla. 72, 147 Pac. 771, Mr. Justice Hardy, in delivering the unanimous opinion of the court, lays down the rule as follows:

"The time within which to suggest amendments to a case-made begins to run after the expiration of the time allowed within which to make and serve same, and not after the actual service thereof."

To the same effect, see Frey v. McCune, 49 Okla. 493, 153 Pac. 109; Sov. Camp of W. O. W. v. Chumley, 58 Okla. 681, 161 Pac. 1175; Wilson v. Branigan, 67 Oklahoma, 168 Pac. 819. In the case of City of Enid v. McCann, 67 Oklahoma, 171 Pac. 452, Chief Justice Owen, in delivering the opinion of the court, said:

"The time within which to suggest amendments to a case-made begins to run from the expiration of the time allowed within which to serve same, and not from the actual service thereof, and the case-made signed and settled before the expiration of the time to suggest amendments, is a nullity."

On first blush, one might be under the impression that the views herein expressed are in conflict with the decision of this court in Southwestern Surety Ins. Co. v. Dietrich, 68 Oklahoma, 172 Pac. 51; however, that is distinguishable from the instant case, and also that of Chestnut v. Overholser, supra, in this particular: There the judgment was rendered May 27, 1907, and on the same day motion for a new trial was filed and overruled, and an extension of 90 days was granted in which to prepare and serve case-made, and 10 days thereafter to suggest amendments, same to be settled and signed on five days' notice. On August 8, 1917, order was made granting an additional 60 days' time in which to prepare and serve case-made, and three days after the service of same in which to suggest amendments. The case-made was served September 22, 1917, and on September 28th, notice was served that same would be presented to the trial judge for settlement and signing. On October 2, 1917, the case was settled and signed without an appearance or waiver by defendant in error or her attorney. The Justice, in delivering the opinion, said:

"Under some previous holdings of this court a case-made thus settled and signed is a nullity and presents nothing to the Supreme Court for review, but we think this holding should be modified to the extent of saying that such a case-made is irregular but not void. It is a well-established rule that a judgment rendered upon service of summons made for a time less than that required or before the day named in the summons by which defendant is required to answer is not void but irregular, and unless attacked in the manner provided by law will be upheld."

It will be observed in the case just quoted from that three days were given the defendant in error to suggest amendments after service of the case-made. In the instant case, the time given in which to suggest amendments was ten days after the expiration of the time in which to make and serve the case. The opinion in Southwestern Surety Insurance Co. v. Dietrich, supra, was by a divided court, Kane and Turner, JJ., dissenting. The court as now constituted express grave doubts as to the correctness of the conclusion reached in that case. As the facts therein are not in all respects the same as in the instant case, we refrain from disturbing the opinion therein.

Motion sustained and appeal dismissed.

All the Justices concur, except HARRISON, J., absent and not participating.