**BROCKHAUS v. AETNA BLDG. & LOAN ASS'N.**

No. 11549—Opinion Filed Oct. 12, 1920.

(Syllabus by the Court.)

**Appeal and Error — Case-Made — Time for Suggestion of Amendments.**

The time allowed by the trial court for suggesting amendments to a case-made commences to run not from the date of the service of the case-made, but from the expiration of the period of extension.

Error from District Court, Woodward County; J. C. Robberts, Judge.

Action by the Aetna Building & Loan Association against H. A. Brockhaus. Judgment for plaintiff, and defendant brings error. Dismissed.

R. H. Nichols, for plaintiff in error.

Chas. R. Alexander, for defendant in error.

KANE, J. This cause comes on for hearing upon a motion to dismiss the appeal filed by the defendant in error. It seems that after judgment was rendered in favor of the defendant in error the trial court entered an order giving the plaintiff in error 30 days in which to make and serve a case-made upon the plaintiff, and the plaintiff ten days in which to suggest amendments thereto, the said case-made to be signed and settled upon five days' written notice by either party. Seven days prior to the expiration of the time granted to make and serve a case-made the plaintiff in error served the same upon the defendant in error and at the same time gave notice in writing that said case-made would be presented to the trial judge for settlement and allowance on the 5th day of April, 1920, which was several days prior to the expiration of the time granted for suggesting amendments. The case-made was signed and settled in pursuance of the written notice, in the absence of either the agent or attorney of the defendant in error, and he now moves to dismiss the appeal upon the ground that the time allowed by the trial court for suggesting amendments to a case-made commences to run, not from the date of the service of the case-made, but from the expiration of the period of extension. In support of his motion, he cites a long line of decisions by this court, commencing with Reed v. Wolcott, 40 Okla. 451, 139 Pac. 318; Cummings v. Tate, 47 Okla. 54, 147 Pac. 304, where the rule in M., K. & T. R. Co. v. City of Ft. Scott, 15 Kan. 435, is quoted with approval and followed, and ending with Chestnut v. Overholser, 75 Okla. 190, 182 Pac. 683, and Watson v. Shaffner, 77 Okla. 1, 184 Pac. 1016.

As these cases seem to be directly in point and sustain the contention of the movant, we are not disposed to depart from a rule of practice which has been so long and firmly established.

For the reasons stated, the motion to dismiss the appeal must be sustained.

RAINEY, C. J., and PITCHFORD, JOHNSON, McNEILL, HIGGINS, and BAILEY, JJ., concur.