### ASHINGER v. LOCAL UNION NO. 276, U. B. C. & J. of A., et al.

No. 11552—Opinion Filed April 12, 1921.

(Syllabus.)

**1. Appeal and Error—Case-Made—Notice of Settlement—Dismissal.**

Where it does not affirmatively appear that notice of time and place of signing and settling case-made was served on opposing party or his counsel, or that such notice was waived, or that opposing party was present in person or by counsel, the appeal will be dismissed on motion of defendant in error.

**2. Appeal and Error—Time for Proceedings—Effect of Motion for New Trial.**

Where a motion for a new trial is unnecessary to present to this court for review an order or judgment appealed from, such motion and decision thereon by the trial court are ineffectual to extend the time within which to effect an appeal.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by F. C. Ashinger against Local Union No. 276, United Brotherhood of Carpenters and Joiners of America, et al. Judgment for defendants, and plaintiff appeals. Dismissed.

F. C. Ashinger, for plaintiff in error.
Everest, Vaught & Brewer, for defendants in error.

KANE, J. Motion of the defendants in error to dismiss the appeal alleges that it cannot be considered on transcript for the following reasons: It does not contain the process, ruling, orders, and judgment of the trial court; it is not certified to by the court clerk; the matters presented in this court for review are not a part of the record proper; the petition in error was not filed in this court within six months after the final judgment rendered by the trial court; there is not a proper certificate of the trial judge; and there is no copy of the judgment of the trial court filed in this court.

It is also alleged that the appeal cannot be considered on case-made because it does not affirmatively appear that notice of the time and place of signing and settling the case-made was served on the defendants in error or their counsel, or that such notice was waived, or that they were present in person or by counsel at the settlement of said case-made; it is not shown that there was any service of the purported case-made on defendants in error, or their counsel; and because the attempted case-made was not filed with the papers in the case in the trial court as required by section 5242, Rev. Laws 1910, as amended by chapter 218, Sess. Laws 1917.

Plaintiff in error in his response to the motion to dismiss states that the record filed in this court is not a transcript and is not relied upon as such, but that it is intended as a case-made. It will, therefore, be considered as a case-made for the purpose of this motion.

It must affirmatively appear that notice of the place and time of signing and settling a case-made was served on the opposing party or his counsel, or that such notice was waived, and where the record fails to show such notice or waiver, and it does not appear that the defendant in error was present either in person or by counsel, when the case-made was signed and settled, the proceeding will be dismissed on motion of the defendant in error. Perfection Refining Co. v. Woolworth, 76 Okla. 297, 185 Pac. 327.

It is further alleged that the appeal must be dismissed because the petition in error was not filed herein within six months after the final judgment from which appeal is taken. The petition in error was filed herein on June 29, 1920. The judgment of the trial court was on a question of law and without trial and was entered on September 24, 1919, or more than six months prior to the time of filing petition in error herein.

Where the judgment, as herein, is on a motion involving solely a question of law, where motion for new trial is unnecessary, the statutory time of six months within which to institute proceedings in the Supreme Court begins to run on the date that the order or judgment is rendered in the trial court. The petition in error and case-made not being filed in the Supreme Court within six months from September 24, 1919, these proceedings are therefore void as to the order or judgment of that date. Chestnut v. Overholser, •75 Okla. 190, 182 Pac. 683, and cases cited therein.

Where a motion for new trial is unnecessary to present to this court for review an order or judgment appealed from, such motion and the decision thereon by the trial court are ineffectual to extend the time within which to effect an appeal. Chestnut v. Overholser, supra.

Plaintiff in error asks to withdraw the case-made for correction, but the corrections requested, if allowable and if possible to be made, would be ineffectual to give this court jurisdiction to review the action of the trial court herein.

The appeal is therefore dismissed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.