## BRADFIELD et al. v. BLACK.

No. 20964.   Opinion Filed April 15, 1930.

Rehearing Denied May 20, 1930.

Park Wyatt, for plaintiffs in error.

Goode, Dierker & Goode, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Pottawatomie county rendered in an action wherein the plaintiffs in error were defendants.

Motion for new trial was overruled June 25, 1929, notice of appeal given, and an order made extending the time in which to make and serve case-made, and various orders made extending the time to serve case-made, the last of which was made November 16, 1929, extending the time therefor ten days after the expiration of the time theretofore allowed, and which order provides, "the plaintiff to have three days after service in which to suggest amendments" and to be settled and signed on three days' notice. The plaintiffs in error and the defendant in error agree with our finding that the time in which to serve the case-made under the order of November 16, 1929, expired on December 2, 1929. The case-made was served on November 25, 1929. On November 26, 1929, notice was served that the case-made would be presented to the trial judge on December 3, 1929, for settlement. Over the objection of the plaintiff upon the grounds that the settlement of the case-made at that time would be premature, the case-made was settled and signed at the time and place specified in the notice, and the case-made so settled is attached to the petition in error and filed in this court. It has been repeatedly and consistently held by this court, where the question was involved, that the time within which to suggest amendments begins to run, not from the date of service of the case-made, but from the expiration of the date allowed within which to make and serve the same. Gilliam v. Guaranty State Bank, 57 Okla. 673, 157 Pac. 750; Sovereign Camp Woodmen of the World v. Chumley, 58 Okla. 681, 161 Pac. 1175; City of Enid v. McCann, 67 Okla. 68, 171 Pac. 452; Chestnut v. Overholser, 75 Okla. 190, 182 Pac. 683; Watson v. Shaffner, 77 Okla. 1, 184 Pac. 1016; Brockhaus v. Aetna Building & Loan Ass'n, 79 Okla. 270, 192 Pac. 1094; Sharp v. Sharp, 80 Okla. 67, 194 Pac. 100; Hudgens v. State, 84 Okla. 249, 206 Pac. 200; Brockhaus v. Aetna Bldg. & L. Ass'n, 85 Okla. 94, 204 Pac. 639; Langley v. Albert, 140 Okla. 176, 282 Pac. 608.

It is urged by the plaintiffs in error that by reason of the provision of the order of the court made November 16, 1929, that the plaintiff have three days "after service" of the case-made, the case-made having been served on November 25, 1929, the time in which to suggest amendments expired on November 26, 1929, and that by reason thereof the case-made was not prematurely settled. Section 785, C. O. S., 1921, in so far as is necessary to determine the question before the court, is as follows:

"The case so made, or a copy thereof, shall, within 15 days after the judgment or order is rendered, be served upon the opposite party or his attorney, who may within three days thereafter suggest amendments thereto in writing, and present the

same to the party making the case, or his attorney."

Provision is made in sections 787 and 789, C. O. S. 1921, whereby the time to make and serve case-made may be extended, but there is no provision changing the time in which to suggest amendments, and this court in the case of Cummings v. Tate, 47 Okla. 54, 147 Pac. 304, quotes with approval the case of M., K. & T. Ry. Co. v. City of Ft. Scott, 15 Kan. 435, as follows:

"It is true the statute may be read so as to mean that the three days in which to suggest amendments shall be three days after the actual service of the case, and not after the time given in which to serve. Thus, in this case, the case was served on the 21st of April, several days before the expiration of the time granted. Upon such a construction amendments would have been required by the 24th. But the other construction—that making the three days to commence upon the expiration of the time given for making and serving the case—while equally warranted by the language, is more in harmony with the definitions and regularity of judicial proceedings, and therefore to be preferred. A party whose adversary has taken time to make a case knows exactly when he must be ready with his amendments, and can arrange his business accordingly, while otherwise he must be in suspense waiting the action of his adversary, and ready to proceed immediately after such action."

In Frey v. McCune, 49 Okla. 493. 153 Pac. 109, the interpretation of this statute made by the Supreme Court of the state of Kansas above cited and quoted was followed. In that case the court said:

"Plaintiff in error says that, if the case was served on the 24th day of April, defendants had more than 10 days to suggest amendments, and that the time for suggesting amendments began to run from the date of service, and quote from the record as follows, 'Defendants to have 10 days after service of same within which to suggest amendments thereto. * * *' It has been repeatedly held by this court that the time within which to suggest amendments to a case-made begins to run after the expiration of the time allowed within which to make and serve same and not after the actual service thereof"

—and cites in support thereof the case of Cummings v. Tate, supra.

In the case of Southwestern Surety Ins. Co. v. Deitrich, 68 Okla. 114, 172 Pac. 51, in the body of the opinion the court said:

"The time in which to suggest amendments under the order began to run from the expiration of the time allowed in which to prepare and serve case-made, and not from the actual service thereof. Cummings v. Tate, 47 Okla. 54, 147 Pac. 304. And this was so even though the order directed that the amendments should be suggested within 10 days from the time of the service instead of from the expiration of the time fixed in the order in which service might be had. Memphis Steel Const. Co. v. Hutchinson, 47 Okla. 72, 147 Pac. 771; Frey v. McCune, 49 Okla. 493, 153 Pac. 109; Wilson v. Branigan, 67 Okla. 67, 168 Pac. 819."

In the case of Wilson v. Branigan, supra, the court said:

"But it is contended by plaintiff in error that, as the orders of extension provided that defendants in error should have '10 days after service of case-made' within which to suggest amendments, and that, as the case-made was served on November 20th, defendants in error's contention that they were not given the 10 days allowed for suggesting amendments should not be sustained. But it is well settled in this jurisdiction that the time to suggest amendments begins to run, not from the date of service of case-made, but after the expiration of the time in which to make and serve case-made, and a case-made settled and signed before the expiration of such time, in the absence of a waiver, is a nullity. Cummings v. Tate, 47 Okla. 54, 147 Pac. 304; Vaughn v. Rennie, 55 Okla. 536, 156 Pac. 632; Sovereign Camp v. Chumley, 58 Okla. 681, 161 Pac. 1175; Hart v. New State Bank, 58 Okla. 654, 160 Pac. 605; Kostachek v. Owen, 59 Okla. 287, 159 Pac. 366.

The plaintiffs in error urge the fourth paragraph of the syllabus of the case of Ranney-Davis Mercantile Co. v. Morris, 88 Okla. 107, 211 Pac. 1044, announcing the rule:

"Whether the time in which to suggest amendments to a case-made begins to run from the time of the expiration of the time allowed within which to serve case-made, and not from the time of actual service, depends upon the wording of the order of the court fixing the time to suggest amendments"

—as supporting the right to have the case-made settled on December 3, 1929. This proposition was not before the court in that case, and the rule unnecessarily announced, and therefore lacks the force of an adjudication, and is, in so far as the same is in conflict with the rule announced herein, overruled. The defendant in error in response to the notice of the time and place of presentation of the case-made for settlement appeared and objected to the settlement of the case-made upon the grounds that the time in which to suggest amendments had not expired. This appearance and objection distinguishes the conditions of the settlement of the case-made in the

instant case from the conditions of the settlement of the case-made in those cases in which a case-made had been treated as valid where the defendant in error did not appear in response to the notice of the time and place of presentation and permitted the case-made to be settled without objection.

The defendant in error was entitled to three days after December 2, 1929, in which to suggest amendments, and the case-made having been settled and signed, over the objection of the defendant in error, prior to the expiration of this three days, was prematurely settled and is a nullity and brings nothing before this court for review. The appeal is dismissed.

Note.—See under (2) 2 R. C. L. p. 159. See "Appeal and Error," 4 C. J. §2003, p. 356, n. 46; §2008, p. 359, n. 72.