## MITCHELL v. CLARK.

No. 5529.   Opinion Filed October 12, 1915.

(152 Pac. 354.)

USURY—Action to Recover—Demand—Pleading and Proof.   A written demand for a return of the usury is a condition precedent to the maintenance of a suit to recover on account of the payment of usurious interest, under section 1005, Rev. Laws 1910; and such demand must be alleged in the petition and proven at the trial.

(Syllabus by Brewer, C.)

*Error from County Court, Jefferson County;
B. T. Price, Judge.*

Action by M. C. Clark against Joe L. Mitchell. Judgment for plaintiff, and defendant brings error. Reversed.

*Bridges & Vertrees,* for plaintiff in error.

*P. T. Hamilton* and *Ben F. Saye,* for defendant in error.

Opinion by BREWER, C.   This is a suit to recover certain payments of interest alleged to be usurious. Plaintiff in error, as defendant below, demurred to the petition, and at the close of all the evidence demurred to same. Both demurrers were overruled by the court, and judgment entered for defendant in error.

The rulings of the court on said demurrers to the petition and to the evidence present the errors argued here; the precise points being that the petition fails to allege, and the evidence fails to prove, that a written demand was made for return of the usurious interest prior to commencement of the suit.

Section 1005, Rev. Laws 1910, provides:

"The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding sec-

tion shall be deemed a forfeiture of twice the amount of interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover from the person, firm or corporation taking or receiving same, in an action in the nature of an action of debt, twice the amount of the interest so paid: Provided, such action shall be brought within two years after the maturity of such usurious contract: Provided, further, that before any suit can be brought to recover such usurious interest, the party bringing such suit must make written demands for return of such usury."

We have examined the petition, and it nowhere alleges a demand for return of the usury in writing, or otherwise. We have also examined the evidence, and it is likewise silent on the question of demand. Plaintiff in error's contentions are therefore well founded.

By referring back to the statute under which this suit was brought, it will be found that the right to recover is given by the statute, subject, however, to two provisos—the first relating to the time within which the action may be brought; the second providing "that before any suit can be brought to recover such usurious interest, the party bringing such suit must make written demand for return of such usury." This proviso is a condition precedent, and without a compliance therewith the suit cannot be maintained. There is no reason for believing, much less for holding, that the statute means anything other than or different from that which it says, as said proviso is in plain and unequivocal language.

The cause should therefore be reversed.

By the Court: It is so ordered.