**CITIZENS' STATE BANK OF FT. GIBSON v. STRAHAN et al.**

No. 6073—Opinion Filed May 23, 1916.
Rehearing Denied June 27, 1916.
(158 Pac. 318.)

1. **Usury—Remedies of Parties—Who May Sue.**

Under section 1005 of the Revised Laws of 1910, a cause of action to recover twice the amount of interest paid, in case a greater rate of interest has been paid than authorized by law, must be instituted by the party paying the same or his legal representative.

2. **Appeal and Error—Disposition of Cause —Coparties.**

Where a cause of action has been instituted by more than one plaintiff, and judgment has been rendered in favor of all, but under the law and the evidence only one is entitled thereto, this court on appeal has the authority to reverse the judgment as to those plaintiffs not entitled to recover and to affirm the same as to the plaintiff entitled thereto: there being no dispute as to the facts from which the cause of action arose.

3. **Usury—Remedies of Parties—Amount of Recovery.**

A substantial compliance with the provisions of section 1005 of the Revised Laws of 1910, requiring a demand for the return of usury, is a prerequisite to the institution and maintenance of an action therefor; and, where a demand is made for a less sum than twice the amount of the usurious interest paid, recovery in a suit therefor is limited to the amount of such demand.

4. **Same—Limitation of Actions.**

Under section 1005 of the Revised Laws of 1910, an action to recover usury must be brought within two years after the maturity of said contract.

(Syllabus by Hooker, C.)

Error from Superior Court, Muskogee County; Farrar L. McCain, Judge.

Action by Kent Strahan and another against the Citizens' State Bank of Ft. Gibson. Judgment for plaintiffs, and defendant brings error. Reversed as to plaintiff Maud Strahan, and modified as to plaintiff Kent Strahan.

Guy F. Nelson, for plaintiff in error.

W. D. Halfhill and O'Hare & Davidson, for defendants in error.

Opinion by HOOKER, C. On October 20, 1909, the defendants in error borrowed from the plaintiff in error the sum of $500, as evidenced by their promissory note of said date, due and payable on January 20, 1910, for $518.75, with interest at 10 per cent. per annum from maturity until paid, and on November 24, 1909, they borrowed the additional sum of $400, due January 24, 1910, with 10 per cent. interest per annum from maturity. On January 20, 1910, the defendants in error paid upon said first note the sum of $30.75, and on January 25, 1910, they paid upon the second note the sum of $12. Nothing further was paid upon said notes, and on September 3, 1910, the two aforesaid notes were canceled and delivered by the plaintiff in error to the defendants in error, whereupon defendants in error executed ten new notes for said indebtedness, the first seven of which notes were subsequently paid, and other notes for interest were made by Strahan and wife to the bank.

It further appears that on the 23d day of January, all of said notes having been paid save and except three, to wit, the one for $598.75, and the one for $58, and the one for $30, the defendants in error did execute to plaintiff in error their certain promissory note for $751.75, payable in July, 1912, bearing 10 per cent. interest per annum from maturity in lieu thereof, and that the amount due thereon when the same was paid aggregated $778.33. After the payment of the last note and on the 14th day of August, 1912, the defendants in error instituted their suit against the plaintiff in error, alleging that they had paid to it upon said indebtedness the sum of $416.58 usurious interest, and they sought to recover in said action double the amount thereof, to wit, $833.16, together with a reasonable attorney's fee and costs expended. The lower court heard the evidence, and at the conclusion thereof rendered a judgment in favor of the defendants in error and against the plaintiff in error for the sum of $773.16, and to reverse this judgment the defendant below has appealed to this court.

It is urged that this cause should be reversed for the following reasons, to wit:

First. That the plaintiffs are not entitled to maintain this suit for that under the statutes of this state the cause of action to recover double the amount of usury paid can only be maintained by the party paying the same, and under the evidence here it is conclusively established that Kent Strahan alone paid the usury, and he alone could maintain this suit.

Second. It is urged that the demand required by the statute of 1910 to be given by the party giving usury to the party to whom the same is paid, and which is a prerequisite to any suit for usury, is insufficient to authorize a recovery in this case, in that the notice given by the defendants in error to the plaintiff in error prior to the institution of this suit only claimed a small amount of usury, to wit. $112.35, and that under the statute no more could be recovered than was embraced in the demand.

Third. It is further contended that a part of this claim is barred by the statute of limitations, for that under the evidence certain payments of interest were made prior to the two years next before the institution of the suit, and that, inasmuch as said suit was not instituted within two years from the time the interest was paid, the same is now barred by the statute of limitations, and cannot be maintained therefor.

By reference to section 1005 of the Rev. Laws of 1910. the same being a part of the act of the Legislature enacted in 1910 effective June 17, 1910, we find:

"In case a greater rate of interest has been paid. the person by whom it has been paid, or his legal representatives, may recover from the person, firm or corporation taking or receiving same, in an action in the nature of an action of debt. twice the amount of interest so paid."

It appears from the evidence here. which is undisputed, that Kent Strahan alone paid the bank this interest; therefore, the action to recover usury being a statutory action, the statute must be strictly complied with by the one seeking to avail himself of the rights and privileges given by it, and under this statute Kent Strahan alone is entitled to recover. and this judgment in favor of Kent and Maud Strahan and against the bank is as to Maud Strahan erroneous.

In the instant case there is no dispute as to the amount of usury that was charged by the bank nor as to the amount paid by the defendant in error Kent Strahan. It is not claimed in the record that the defendant in error Maud Strahan ever paid any part of the same. We are of the opinion that this court in that state of the case has the authority to reverse this judgment in part and to affirm it in part, and we therefore order this cause as to the defendant in error Maud Strahan be reversed. and as to the defendant in error Kent Strahan be affirmed.

In the case of Windham et al. v. National Fertilizer Company. 99 Ala. 578, 12 South. 872. the Supreme Court of Alabama said:

"Where one of several defendants is not served with process in an action on a joint and several obligation, and judgment by default is taken against all the defendants, the judgment will be reversed, * * * but it will be allowed to stand as to the other defendants."

In the case of Austin et al. v. Appling, 88 Ga. 54, 13 S. E. 955, the Supreme Court of Georgia said:

"The recovery being correct as to one of the defendants, and obviously incorrect as to the other two, the judgment is affirmed as to the former, but reversed as to the latter. with direction that the action be dismissed as to them."

The Supreme Court of Kentucky in the case of L. S. Ry. Co. v. Tucker, 105 Ky. 492, 49 S. W. 314, said:

"A joint verdict against two defendants in tort may be set aside as to one of them, and the full amount of the judgment left standing against the other."

The Supreme Court of Texas in the case of M., K. & T. Ry. Co. v. Enos. 92 Tex. 577, 50 S. W. 928, said:

"It is within the appellate court's discretion to reverse as to one and affirm as to the other of two joint tort-feasors. who might have been sued separately, but were joined and included in one judgment."

And in the body of this opinion it was held:

When judgment has been rendered for all plaintiffs in an action to recover real estate, but the findings are that the right to recover is in part of them only, the appellate court on appeal by defendants will reverse the judgment only as to those plaintiffs not entitled to recover, and affirm it as to the others. Steeple v. Downing, 60 Ind. 478.

See. also, Simar v. Canaday, 53 N. Y. 298, 13 Am. Rep. 523.

In Hamilton v. Prescott, 73 Tex. 565. 11 S. W. 548, this court said:

"We think the conclusion to be deduced from these apparently conflicting cases is. that this court. when it finds error in the proceedings of the lower court as to any party to the judgment. and not as to another, and that a proper decision of the case as to one is not dependent upon the judgment as to the other, will reverse in part and affirm in part. * * * That a judgment against two or more parties which is appealed from by one may be reversed as to the

one and affirmed as to the others, or may be reversed as a whole, according to the manifest justice of the case, we think the cases cited sufficiently show."

Also the Supreme Court of Ohio, in Rengler v. Lilly, 26 Ohio St. 48, said:

"A judgment rendered against a husband and wife in a civil action, under section 7 of the act to provide against the evils resulting from the sale of intoxicating liquors, may, on error, be reversed as to the wife, and affirmed as to the husband."

Likewise the Supreme Court of Mississippi, in the case of Holman et al. v. Murdock, 34 Miss. 276, said:

"Upon a writ of error prosecuted from a judgment rendered in a joint action against the maker and indorser of a note or bill, this court will determine the propriety of the verdict as it respects each defendant separately, and, if the justice of the case require it, will affirm the judgment as to one, and reverse it as to the other."

Also in 40 Mo. 146, Wescott v. Bridwell, the Supreme Court said:

"This court has the power, upon the record before it, to make the judgment conform to the issues tried in the cause; and it will therefore be affirmed as to the matters in issue upon the answer and reply, and reversed and the cause dismissed as to the other defendants."

This authority is also supported by the following cases: Wood v. Olney, 7 Nev. 109; Ricketson v. Richardson, 26 Cal. 149.

Upon the second proposition we find that by reference to section 1005 of the Revised Laws of 1910 that, before any suit can be brought to recover usurious interest paid, the party bringing such suit must make a written demand for the return of such usury, and this court has held in the case of Mitchell v. Clark, 52 Okla. 628, 152 Pac. 354, that this provision of the statute is mandatory, and that, in the absence of a demand, no action can be maintained therefor. The object of the statute providing for said demand is to give the party receiving the usury the right to reform by returning such usury before a suit is instituted and costs incurred. A substantial compliance with the provisions of such statute is a prerequisite to the bringing and maintaining of said action, and, where a demand is made for a less sum than twice the amount of the usurious interest paid, recovery in a suit therefor is limited to the amount of such demand.

The statute further provides that an action to recover for the usury thus paid shall be brought within two years after the maturity of such usurious contract. By reference to the record before us, it is apparent that the first two payments of usurious interest were

made on January 20, 1910, of $30.75, and January 25, 1910, of the sum of $12, and the the contracts upon which the same were paid matured January 20 and January 24, 1910, and a cause of action to recover usury accrued at the time of the payment, inasmuch as the contracts had matured when said payments were made.

The defendants in error having failed to institute a suit within two years from the date of said payments, the cause of action to recover double the usury paid on account of said two payments is therefore barred by the statute of limitations of two years as provided by the act creating the remedy. The amount of these payments aggregated $42.75, and the lower court rendered a judgment for double the amount thereof, to wit, $85.50, and under the law, as we view it, we must hold that the cause of action as to this $85.50 was barred by the statute of limitations which the defendants below presented to the court, but their objection was denied.

The judgment rendered in this action in favor of the defendant in error Maud Strahan against the plaintiff in error is hereby reversed for the reason given in this opinion, and the judgment rendered in favor of Kent Strahan against the plaintiff in error is hereby reduced to $112.35, with interest from the 16th day of October, 1913, at 6 per cent. per annum, as the evidence here unquestionably shows that the bank received more than $112.35 usurious interest within the two years next before the institution of this action; and their judgment is as to all other things affirmed.

By the Court: It is so ordered.