## TEXMO COTTON EXCH. BANK v. LISTON.

No. 7000—Opinion Filed Sept. 26, 1916.

(160 Pac. 82.)

1. **Pleading—Recovery of Usury Paid—Demand—Exhibit—"Written Instrument as Evidence of Indebtedness."**

"A written demand for the return of usury is a condition precedent to the maintenance of a suit to recover on account of the payment of usurious interest, under section 1005, Rev. Laws 1910; and such demand must be alleged in the petition and proven at the trial." Such written demand is not "a written instrument as evidence of indebtedness" as specified in section 4769, Rev. Laws 1910, and a copy of same need not be attached to the petition as an exhibit. But it is a condition precedent to the maintenance of the suit, and is essentially a matter of evidence to be produced at the trial.

2. **Usury—Recovery of Usury Paid—Written Demand—Sufficiency.**

The written demand in this case examined, and held to be a substantial compliance with the provision of section 1005, Rev. Laws 1910, relative to the written demand for the return of usury paid.

(Syllabus by Hayson, C.)

Error from District Court, Custer County; James R. Tolbert, Judge.

Action by E. A. Liston against the Texmo Cotton Exchange Bank for debt for usurious interest paid. Judgment for plaintiff, and defendant brings error. Affirmed.

Darnell & Darnell, for plaintiff in error.

W. P. Hickok, for defendant in error.

Opinion by HAYSON, C. The defendant in error, E. A. Liston, brought an action in the district court of Custer county against the plaintiff in error, the Texmo Cotton Exchange Bank, the action being in the nature of debt for the recovery of the penalty provided for in section 1005, Rev. Laws 1910, where usurious interest has been paid. The defendant in error, E. A. Liston, in his petition set up nine causes of action, alleging in each cause of action that he had paid the Texmo Cotton Exchange Bank a certain sum of money which was usurious interest, and that prior to bringing the action he had made written demand in writing for the return of the usury, which had been refused. In each cause of action he prayed for recovery of double the amount of the usury so paid. The aggregate amount of the usury alleged to have been paid was $210.55, and the suit was for the recovery of $421.10 and $100 attorney fees. Judgment was rendered for $397.30 and $40 attorney fees.

The plaintiff in error sets up six assignments of error, but in its brief groups all of them in one general proposition which is decisive of all the questions involved. Was the demand in writing, given by defendant in error to plaintiff in error for the return of the usury, sufficient under our law to entitle Liston to maintain this suit? We must say that it was. The essential parts of the demand are as follows:

"Morewood, Oklahoma, August 27, 1913.

"To the Cotton Exchange Bank at Moorewood, Oklahoma. I hereby made demand upon you for the return to me of usurious interest charged, reserved, taken and received from me by you the Cotton Exchange Bank, and the forfeiture and penalty therefor, on certain notes and extensions of notes, as follows, to wit:

"[Here follows in detail the various transactions out of which each cause of action arose].

"In all a sum of $210.55, and a like amount as the penalty and forfeiture therefor, in all a sum total of $421.10 which I hereby and herewith make demand that you repay to me."

"Dated, delivered and demanded this 27th day of August, 1913.

"E. A. Liston, Claimant."

This written demand was served on the assistant cashier, bookkeeper at the bank, he, under the testimony, being the sole person in charge at the bank at the time of service. This demand not being attached to the petition, the plaintiff in error in the trial court filed its motion to require the same to be attached as an exhibit. The motion was overruled and an exception saved, and the plaintiff in error was required by the court to answer. To the ruling of the court requiring the plaintiff to answer no exception was saved. The answer filed was a general denial.

In Mitchell v. Clark, 52 Okla. 628, 152 Pac. 354, this court has decided that it is necessary to allege and prove a written demand in an action such as we have here, the syllabus being as follows:

"A written demand for the return of the usury is a condition precedent to the maintenance of a suit to recover on account of the payment of usurious interest, under section 1005, Rev. Laws 1910; and such demand must be alleged in the petition and proven at the trial."

In the case at bar these two requirements were met, and it was not error for the trial court to overrule the motion of plaintiff in error to require the defendant in error to attach a copy of the written demand to his petition. The demand, while a prerequisite to the maintenance of the suit, was not a "written instrument as evidence of indebtedness," as provided for in section 4769, Rev. Laws 1910, but was a prerequisite to the maintenance of the suit, which must be alleged and proven at the trial. It is essentially a matter of evidence.

In Citizens' State Bank of Ft. Gibson v. Strahan et al., 59 Okla. 215, 158 Pac. 378, our court has said, in the third paragraph of the syllabus:

"A substantial compliance with the provisions of section 1005 of the Revised Laws of 1910, requiring a demand for the return of usury, is a prerequisite to the institution and maintenance of an action therefor; and, where a demand is made for a less sum than twice the amount of the usurious interest paid, recovery in a suit therefore is limited to the amount of such demand."

The written demand made by Liston was a substantial compliance with the provision in section 1005, Rev. Laws 1910, relative to demand prior to the bringing of the suit. The party to whom usury is paid is in as good a position to know the amount of such usury as the party who pays. In most instances he is in a better position, and better qualified in both education and training. He may repay such usury upon written demand being made, and save himself the costs, expenses, and penalty incident to the litigation of the matter. But when a substantial compliance with the law has been met

by the party who pays such usury, to the party receiving the usury, by serving upon such party who receives the usury a written demand for its return, and such demand is refused, and suit is brought and a recovery had, the cause will not be reversed because of some technical error as to the amount demanded, so long as the judgment is within the amount demanded in the written demand and is upheld by the evidence in the record.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.