## ROBINSON v. FARMERS' & MERCHANTS' BANK OF COWETA.

No. 7817—Opinion Filed Jan. 2, 1917.

(162 Pac. 208.)

**Usury—Actions—Demand.**

Where one who has paid usurious interest serves a written demand upon the party receiving such usurious interest for the return of the same, and serves such written demand prior to the bringing of suit to recover such usurious interest within the time provided by law, and the written demand is such as to convey to a person of ordinary intelligence and understanding the amount of usurious interest claimed by the party making the demand, such written demand is a substantial compliance with the statute and is sufficient.

(Syllabus by Hayson, C.)

Error from County Court, Wagoner County; J. C. Pinson, Judge.

Action by W. R. Robinson against the Farmers' & Merchants' Bank of Coweta for debt for usurious interest paid. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Asbery Burkhead, for plaintiff in error.

P. L. Newton, for defendant in error.

Opinion by HAYSON, C. The plaintiff in error brought an action in the justice of the peace court in the city of Wagoner, Okla., seeking to recover usurious interest paid to defendant in error. Plaintiff recovered in the justice of the peace court, and defendant appealed to the county court of Wagoner county, where the cause was tried de novo. A jury was impaneled, and plaintiff's testimony introduced. The defendant demurred to plaintiff's evidence, which demurrer was sustained, and exceptions were saved by plaintiff. The jury was discharged, and judgment rendered against the plaintiff for costs. From this judgment plaintiff appeals setting up four assignments of error. It will be necessary to notice but one assignment of error, as the whole case depends upon it.

Did the court err in sustaining the demurrer to plaintiff's evidence? The record discloses the following facts: W. R. Robinson could neither read nor write. On March 17, 1913, he executed a note to the defendant for $62, due October 1, 1913. He testifies that he received only $50 and paid $12 interest to defendant, taking up the balance of the note October 1, 1913. He testifies that he received the $50 in five monthly payments of $10 each, paid on the 17th day of each month; that he signed his note by mark, C. K. Leslie, the cashier of the bank, signing his name for him and J. L. McGowan signing as surety. J. L. McGowan testifies that Leslie told McGowan that Robinson had borrowed $50. Plaintiff testifies that he made payments to defendant as follows: September 6th, $1.50; September 20th, $13; October 8th, $30; October 20th, $17.50—making the entire amount of $62; when he received the note marked paid. He introduces the note with all payments credited thereon, except the one on October 20. $17.50. The note is stamped "Paid." Plaintiff testifies that he made the last payment of $17.50 and saw the defendant stamp the note "Paid" after which it was delivered to him. Plaintiff further testfies that on November 6, 1914, he caused to be served a copy of notice upon defendant for the return of the usurious interest paid, and that such notice was delivered prior to the institution of this action. C. K. Leslie testified that he, as cashier of the defendant bank, received such notice on the 6th day of November, 1914. The plaintiff then offered the notice in evidence. The defendant objected to its introduction upon two grounds: First, for the reason that W. R. Robinson's name upon the notice was not

witnessed by any one, and that no mark was made by the signature; second, for the reason that it was not the kind of notice mandatory to be served before instituting suit for the recovery of usurious interest. The trial court sustained the objection, and the plaintiff was allowed exceptions. The trial court then at the conclusion of the plaintiff's testimony sustained a demurrer to the evidence, discharged the jury, and rendered judgment against the plaintiff for costs. The notice sought to be introduced is as follows:

"To Farmers' & Merchants' Bank of Coweta, Okla.:

"Demand is hereby made for the return to me of all usurious interest paid by me to the Farmers' & Merchants' Bank of Coweta, Okla., that is all interest over and above ten per cent. per annum on $50.00 evidenced by one promissory note made by W. R. Robinson and J. L. McGowan on the 17th day of March, 1913, payable to the Farmers' & Merchants' Bank of Coweta, Okla. on the 1st day of October, 1913, for the sum of $62.00.

"Dated this the 5th day of November, 1914.
                            "W. R. Robinson."

"State of Oklahoma, County of Wagoner—ss.:

"I hereby certify that I delivered to C. K. Leslie, cashier of the Farmers' & Merchants' Bank of Coweta, Coweta, Okla., a true and correct copy of this notice and demand in said bank in Coweta, Wagoner county, Oklahoma, on the 6th day of November, 1914.

Fees:
Serving paper _____$1.00
Mileage _____ 1.40
                            ———
                            $2.40
                            "J. M. Jackson.,
"Constable of Gatesville Township in Said County and State."

This notice is a substantial compliance with the statute, and should have been admitted in evidence. A substantial compliance with the statute is sufficient. If the notice is such as to convey to a person of ordinary intelligence and understanding the amount of usurious interest claimed by the party making the demand, it is sufficient. Persons who receive usurious rates of interest are usually better fitted, both by education, experience, and training to calculate and ascertain the exact amount of such interset received in a given transaction. The plaintiff in this case was an illiterate man, and if left to his own devices could never have ascertained the exact amount of usurious interest paid in order that he might make the demand in exact figures. This is the character of people this law is designed to protect, and a cause should not be lost to such a person on such technical grounds, where there is a substan-

tial compliance with the statute. If the demand is made in exact figures, a greater recovery cannot be had than the amount made in the demand. But the cause will not be reversed because the proper amount was not demanded, so long as the judgment is within the amount demanded. Citizens' State Bank of Ft. Gibson v. Strahan et al., 59 Okla. 215, 158 Pac. 378; Texmo Cotton Exchange Bank v. Liston, 61 Okla. 33, 160 Pac. 82. The exhibit should have been admitted in evidence, and the demurrer to the evidence of plaintiff should have been overruled. It was error upon the part of the trial court to sustain the demurrer to the plaintiff's evidence.

The judgment of the trial court is reversed, and the cause is remanded, with directions to grant a new trial.

By the Court: It is so ordered.