### SHARP v. SHARP et al.

No. 11485—Opinion Filed Dec. 14, 1920.

(Syllabus by the Court.)

**Appeal and Error—Case-Made—Time of Settlement—Validity.**

The time within which to suggest amendments to a case-made begins to run from the expiration of the time allowed within which to serve same, and not from the actual service thereof; and a case-made, signed and settled before the expiration of the time to suggest amendments, is a nullity.

Error from District Court, Okfuskee County; Lucien B. Wright, Judge.

Action between Annie B. Sharp and Julia I. Sharp and others. From the judgment, the former brings error. Dismissed.

E. O. Tyler, for plaintiff in error.

Wm. S. Peters, for defendants in error.

HARRISON, J. Motion to dismiss the above-entitled case was filed in this court June 30, 1920, with acceptance of service attached.

Defendants in error move to dismiss appeal upon two grounds:

1st. That the case-made was signed and settled on April 20th, although defendants in error had until April 22nd to suggest amendments, and that therefore this court has not acquired jurisdiction—citing Cummings v. Tate, 47 Okla. 54, 147 Pac. 304; Wilson v. Branigan, 67 Oklahoma, 168 Pac. 819; City of Enid v. McCann, 67 Oklahoma, 171 Pac. 452.

2nd. That the appeal is without merit and frivolous.

Service of motion to dismiss was made more than five months ago; no response has been filed and no resistance made to same.

The ground for dismissal is sustained by the authorities cited.

This court has held in several cases that the time within which to suggest amendments to a case-made begins to run from the expiration of time allowed within which to serve same, and not from the actual service thereof; and the case-made, signed and settled before the time to suggest amendments, is a nullity.

The appeal is dismissed upon the authorities herein cited.

All the Justices concur.