**MARTIN et al. v. OKLAHOMA STATE BANK.**

No. 10660—Opinion Filed April 25, 1922.

Rehearing Denied May 16, 1922.

(Syllabus.)

### 1. Usury—Contracts—Construction.

In determining whether a contract for the payment of money is usurious, if it appears that the contract or transaction is susceptible of two constructions, one lawful and the other unlawful, the former will be adopted. This is on the theory that the parties to the contract have contracted within the law.

### 2. Same—Requisites—Intent.

To constitute the offense of usury. there must exist an intention to do something in violation of the statutes. The payment of an amount of interest so small as to be trifling through an admitted error of the payor in figuring the amount of interest due is insufficient to make the transaction usurious.

### 3. Same—Action on Note—Right of Accommodation Makers to Plead Usury.

In an action by A. on a promissory note against B. as principal maker, where the evidence shows that the note was not usurious in its inception and that B., the principal maker, paid usurious interest to obtain an extension of time for the payment of said note and B. pleaded the usurious interest paid by him and the court allowed

B. credit for the amount of the usurious interest paid on the principal due on the note, then it is further disclosed by the evidence that C., D., and E., who signed the note with B. as accommodation makers, had never made any payments on the note, the defense of usury based upon the fact of the usurious interest paid by B. was unavailable to C., D., and E.

Error from District Court, Beckham County; T. P. Clay, Judge.

Action by the Oklahoma State Bank against E. L. Martin and others on promissory note. Judgment for plaintiff, and defendants bring error. Affirmed.

D. W. Tracy, for plaintiffs in error.

Embry, Johnson & Kidd, for defendant in error.

KENNAMER, J. This action was commenced on the 16th day of October, 1912, in the district court of Beckham county by defendant in error against plaintiffs in error and James T. Seaton and E. E. Klein to recover on a certain promissory note in the sum of $525 executed on the 16th day of February, 1911, and maturing August 1, 1911, bearing ten per cent. interest per annum. Seaton filed separate answer, in which he admitted the execution of the note, but averred that he had paid $88.25 usurious interest for the extension of the note from August 1, 1911, to May 1, 1912, and that the same was knowingly and corruptly received by plaintiff, and prayed that the same be credited as a payment on the note.

Defendants in the court below, J. M. Danner, E. L. Martin, T. J. Price, and E. E. Klein, filed answer, and subsequently filed separate amended answer, in which they alleged that they were sureties only and that plaintiff was apprised of this fact at the time the instrument was executed, and that without their knowledge or consent it extended the note sued on and knowingly charged a usurious rate of interest in consideration of said extension, and prayed that they be permitted to go hence without day.

Plaintiff filed its reply and admitted the usurious charge of $88.25, and asked that the same be remitted and credited on the note.

The cause was tried to the court, and the court found that the defendant J. M. Danner, E. L. Martin, E. E. Klein, and T. J. Price were sureties; that the plaintiff knew this fact, and that in consideration of an increased rate of interest (which was usur-

ious) and without their knowledge or consent, plaintiff extended the time of payment, which discharged these defendants from all further liability. From this finding the plaintiff appealed, and on the 22nd day of January, 1918, in an opinion by Commissioner Hooker (Oklahoma State Bank of Sayre v. Seaton), which was approved by the court and reported in 69 Oklahoma, 170 Pac. 477, the finding of the lower court was reversed and the cause remanded for a new trial. The syllabus is as follows:

"Under the Negotiable Instruments Act of this state an extension of time granted the principal debtor by agreement between him and the holder of a negotiable instrument without the knowledge or consent of the accommodation makers does not release them from liability on said note, and this is true even though the note is in the hands of the original payee and has never been assigned 'in due course.'"

Upon the remand of the case defendants E. L. Martin, J. M. Danner, and T. J. Price filed a supplemental answer in which they set up the additional defense that the contract is usurious from its inception; that therefore, the entire contract is usurious, and that defendants are entitled to have twice the amount of the interest offset against the principal, which would liquidate it.

On the 3rd day of January, 1919, the case was tried again to the district court of Beckham county, and at the conclusion of defendant's evidence, plaintiff demurred and the demurrer was sustained and judgment entered against the defendants on the note. From this judgment defendants E. L. Martin, J. M. Danner, and T. J. Price, now plaintiffs in error, have appealed.

The parties will be referred to as they appeared in the trial court.

Counsel for the defendants Martin, Danner, and Price contends that the note which James T. Seaton executed to the plaintiff was usurious in its inception, and that the defendants are entitled to have an offset against the amount due on the note, double the amount of interest charged by the bank.

We cannot agree with the counsel for the defendants in this contention under the facts as disclosed by this record. Seaton, the principal in the note, who procured the loan from the bank, clearly establishes the fact by his testimony that the small amount of excess interest, to wit, about one dollar, paid to the bank on the date the note was executed, was paid through mis-

take. Seaton's evidence was to the effect that after securing the signatures of the defendants to the note as sureties for him, he returned the note to the bank and presented the bank with a check for $27.50 to cover the interest on the note from February 16, 1911, to August 1, 1911. That he, Seaton, figured the amount of interest himself in his shop before he carried the note and check to the bank. That his agreement with the president of the bank, Dr. Caldwell, was that he was to pay ten per cent. interest on the note, and that the error in paying a small amount over ten per cent. was made by him in figuring the interest.

While the usury statute of this state is broad and intended to cover any transaction where an illegal rate of interest is taken, received, retained, or contracted for, we are unable to conceive that it was the intention of the Legislature to provide to bring a transaction within its scope as being usurious where the excess interest was paid through a palpable error.

We conclude there is absolutely no evidence from which the inference may be drawn that the transaction in question was usurious in its inception.

The rule in this state is that in determining whether a contract is usurious, if two constructions of the contract are possible, one for and the other against usury, the one against usury will be adopted. Forman v. Needles, 78 Okla. 105, 188 Pac. 1087.

In this case the principal maker of the note, Seaton, in the first trial of the cause, pleaded that he had paid $88.25 interest for an extension of time in which to pay the note. The plaintiff bank, in its reply, admitted the usurious charge and consented that it be allowed as a set-off against the amount due on the note, and the same was allowed by the court.

Defendant, Seaton, has prosecuted no appeal from the judgment of the court. In this situation, the note was purged of any usurious offset against it. The defendants Martin, Danner, and Price, who signed the note as accommodation makers, nowhere contend that they ever paid any interest whatever on the note. The note signed by them as accommodation makers bears interest at the rate of ten per cent. from maturity, which, under the law, is a lawful contract. This is the only contract that the defendants in this appeal ever made with the bank.

This court, in the case of Citizen's State Bank v. Strahan, 59 Okla. 215, 158 Pac. 378. held that joint makers of a note who paid usurious interest are entitled to recover it back, but the defendants in this case, having paid no interest and having made no contract with the bank except a contract legal upon its face, are without a valid defense to the action.

The judgment of the trial court is affirmed.

KANE, JOHNSON, McNEILL, MILLER, and NICHOLSON, JJ., concur.