## KOLB et al. v. HIGHTOWER.

No. 20565.   Opinion Filed Feb. 2, 1932.

John A. Maupin, for plaintiffs in error.

Roger Stephens and Fred L. Hoyt, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Oklahoma county in favor of the defendant in error, the plaintiff in the trial court, against the plaintiffs in error, the defendants in the trial court.

The judgment was rendered on December 21, 1928. On December 24, 1928, a motion for new trial was filed in the cause. On January 22, 1929, the motion for new trial was overruled. Orders extending the time to make and serve a case-made were entered from time to time and on July 15, 1929, within the time as extended by those orders, the trial court made another order extending the time to make and serve the case-made "to and including July 18, 1929; the plaintiff is allowed three (3) days after service of such case-made upon her within which to suggest amendments thereto, the same to be settled and signed on three (3) days' written notice by either party to the other." Under the provisions of that order the defendants had all of the 18th day of July, 1929, in which to serve the case-made. They served it on the 18th day of July, 1929. Under the provisions of that order the plaintiff had three days after service of the case-made in which to suggest amendments thereto, and under the provisions of section 785, C. O. S. 1921, as construed by this court in City of Enid v. McCann, 67 Okla. 68, 171 P. 452, the time within which to suggest amendments to a case-made begins to run from the expiration of the time allowed within which to serve the same, and not from the actual service thereof. The rule for computing time is prescribed by section 884, C. O. S. 1921, and under that rule the plaintiff had all of July 21, 1929, to suggest amendments to the case-made. July 21, 1929, was Sunday. Sunday was a legal holiday. Section 3546, C. O. S. 1921, as amended by the Session Laws of 1923, chapter 225. Under the provisions of section 884, supra, the plaintiff was authorized to suggest amendments upon the next business day with the same effect as if she had suggested them upon the day appointed. Under that rule the plaintiff had all of Monday, July 22, 1929, to suggest amendments to the case-made. Notwithstanding that fact, the case-made was presented to the trial court and was settled and signed by the trial court

**2**

on July 22, 1929, the order reciting that the plaintiff "not here appearing or offering, in writing or otherwise, any suggestion of amendment in response thereto." The time for appeal, under the provisions of section 798, C. O. S. 1921, expired on the 22nd day of July, 1929, and the petition in error with the case-made attached was filed in this court on that day.

It is evident that the case-made was settled and signed and filed in this court before the expiration of the time allowed by law for the plaintiff to suggest amendments thereto. The plaintiff did not waive that right. Under the authority of Wilson v. Branigan, 67 Okla. 67, 168 P. 819, Sharp v. Sharp, 80 Okla. 67, 194 P. 100, Kostachek v. Owen, 59 Okla. 287, 159 P. 366, and Hubbard v. Meek, 60 Okla. 46, 61 Okla. 60, 160 P. 1128, the case-made was a nullity.

The case-made, though certified as a transcript, cannot be considered as a transcript, for it was not certified until after the expiration of six months from the date of the rendition of the judgment. The motion for new trial and the order made thereon constitute no part of the judgment roll and cannot be brought to this court by transcript. Richardson v. Beidleman, 33 Okla. 463, 126 P. 818. There was no notice of appeal from the judgment given by the defendants. The only notice of appeal shown by the record was from the order overruling the motion for new trial. Since the transcript shows no notice of appeal from the judgment, there is nothing presented to this court for review thereby.

The appeal is dismissed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CULLISON, J., absent.