## AMERICAN SURETY CO. v. WOLSEY.

No. 23959. Opinion Filed March 14, 1933.

Bower Broaddus and Julian B. Fite, for plaintiff in error.

W. Shearer Brown, for defendant in error.

BUSBY, J. The facts necessary to a determination of the questions involved in this case may be briefly stated as follows: The plaintiff in error, American Surety Company, commenced a suit in the district court of Muskogee county, Okla., against Charles Chapman, and ancillary thereto, issued a garnishment summons to the defendant in error, John A. Wolsey. A motion to quash the garnishment summons was filed by John A. Wolsey, and a hearing was had thereon before the Honorable W. J. Crump, district judge. At the hearing the plaintiff and the garnishee appeared. The principal defendant was not present nor was he represented by counsel. The court, on the 15th day of July, 1932, entered an order sustaining the motion. A motion for a new trial was filed on July 16, 1932, and overruled on the same day. Notice of intention to appeal was given in open court. In the order overruling the motion for new trial, the court granted 19 days from the date thereof to make and serve case-made and three days in which to suggest amendments. The time for the suggestion of amendments by the terms of the order expired on August 7, 1932. The case-made was served on July 27, 1932. Notice of settlement was duly served on July 30th of the same year, designating the time and place that the case-made would be presented for settlement, and stating that the same would be presented to the Honorable Enloe V. Vernor, district judge, for the reason that W. J. Crump, the district judge who tried the matter, was outside the state of Oklahoma. The case-made was settled pursuant to the notice on August 3, 1932, the order settling the same reciting that Judge Crump was outside of the state of Oklahoma. This settlement was one day before the expiration of the time provided in the order for serving the case-made and four days before the expiration of the time for the suggestion of amendments. The defendant in error did not appear nor object in any way to the premature settlement of the case-made.

The principal question involved is whether by failing to appear or object at the time and place designated in the notice served for the settlement of the case-made, the defendant in error waived the time for suggestion of amendments and waived his right to object to the premature settlement of the case-made. The appellee urges that a case-made signed and settled before the time to suggest amendments as fixed by the order of the court is a nullity; that a failure to appear or object to the settlement of the case-made at the time does not constitute a waiver of the right to object thereto, and that such premature settlement constitutes a proper ground for the dismissal of the appeal. This position finds apparent support in some of the decisions of this court. Sov-

ereign Camp of Woodmen of the World v. Chumley, 58 Okla. 681, 161 P. 1175; City of Enid v. McCann, 67 Okla. 68, 171 P. 452; Frey v. McCune, 49 Okl.a 493, 153 P. 109; Sharp v. Sharp, 80 Okla. 67, 194 P. 100; Kostachek v. Owen, 59 Okla. 287, 159 P. 366; Hubbard v. Meek, 60 Okla. 46, 160 P. 1128; Kolb v. Hightower, 155 Okla. 1, 8 P. (2d) 23; Cummings v. Tate, 47 Okla. 54, 147 P. 304.

The practical application of the rule urged by the appellee demands a technical observance of the requirements of the order and may operate to deprive the appellant of a decision of his case on the merits regardless of whether the premature settlement deprived the appellee of any substantial rights or not. The person who is diligent in pressing his appeal may be penalized in this court by having his appeal dismissed regardless of whether his diligence works any injustice or inconvenience on his adversary. Under it a litigant who had no amendments to suggest may defeat the ends of substantial justice by sitting idly by until the time for perfecting an appeal has expired, and then take advantage of the premature service of the case-made by moving to dismiss the appeal in this court. In the case at bar the defendant in error does not urge that the case-made was deficient in any respect, or that any amendments should have been made thereto.

Not only does the practical working of the rule that a case-made prematurely settled upon proper notice without objection is a nullity provide a means to defeat simple justice in many cases, but it is contrary to the better rule announced and followed in many well reasoned cases by this court. The case of the Southwestern Surety Insurance Co. v. Dietrich, 68 Okla. 114, 172 P. 51, is a leading case on this question, and announces the rule in the following language in syllabus paragraph 1:

"Where due notice is given of the time and place that a case-made will be presented to the trial judge for settlement and signature, the party upon whom such notice is served cannot ignore the same, or treat it as a nullity, although the time fixed therein for presenting such case to the judge for settlement and signing may be at a time earlier than it could properly be settled and signed, and when the trial judge, in the absence of the party upon whom such notice has been served, and without objection from him, or from any other person, settles and signs such case-made when presented to him, and nothing further is done in reference thereto, the Supreme Court will, in the absence of other irregularities, treat the case-made as valid, and will not permit same to be questioned in the absence of a showing that application was made to the trial judge to allow the time to which such party was entitled by the order and that by reason of the failure of the court or judge to grant such time the party was prevented from suggesting amendments which we would have suggested and was entitled to have considered in the settlement of such case."

It should be noted in connection with the Dietrich Case that it is a later decision than a number of the cases cited in support of the position urged by the defendant in error, and in so far as those decisions conflict with the Dietrich Case, they were expressly modified thereby. The opinion of the court was written by Justice Hardy, and contains the following language:

"Under some previous holdings of this court a case-made thus settled and signed is a nullity and presents nothing to the Supreme Court for review, but we think this holding should be modified to the extent of saying that such a case-made is irregular but not void."

It is also interesting to note that the previous case of Frey v. McCune, supra, decided in 1915, was also written by Justice Hardy, and in so far as that case may be considered to support the contention of the defendant in error herein, it was expressly modified in the later opinion by the same learned Justice in the Dietrich Case.

The ruling in the Dietrich Case was reaffirmed and restated in a subsequent case of Ranney-Davis Mercantile Co. v. Morris, 88 Okla. 107, 211 P. 1044. The rule announced appears in syllabus paragraph 2, in the following language:

"Where due notice of the time and place of settling and signing a case-made for the Supreme Court has been given to the adverse party, such party cannot ignore such notice or treat it as a nullity, although the time fixed in such notice for settling and signing such case-made be earlier than the case could properly be settled and signed. And where the judge of the court, in the absence of the adverse party, and without any objection, from him or from any other person, settles and signs the case upon such a notice, and nothing further is done concerning the same, the Supreme court will, in the absence of other irregularities, treat the case-made as valid."

In the opinion written by Justice McNeill the following statement is made by the court:

"The cases of City of Enid v. McCann, supra, * * * and other cases contain the

following language: 'And a case-made, signed and settled before the expiration of the time to suggest amendments, is a nullity.'

"This is an incorrect statement of the law, and is not supported by any of the prior Kansas cases that are relied upon to support the proposition that when the party has been served with notice of signing and settling the case-made, and said party ignores said notice, or appeared and made no suggestions, or offered no objections, to the signing and settling of the case-made, the case is a nullity. The above cases and cases announcing the same rule are overruled. While it may be irregular for the trial court to sign and settle a case-made before the expiration of the time to suggest amendments, the case-made is not a nullity Where the parties have been served with notice of the time and fail to appear or appear and fail to make any objection to the signing and settling of the case-made, they will be deemed to have waived the irregularities."

This court criticised the Cummings v. Tate Case, supra, in the Dietrich Case, and declared the rule to be followed by the court in the future, and in the Ranney-Davis Mercantile Co. Case, supra, overruled the former decisions of the court holding contrary to the rule declared in the Dietrich Case, using this language:

"The former opinions of this court announcing a contrary rule and in conflict with the rules of law above announced are hereby overruled."

The case of Cummings v. Tate, supra, was based on the case of M., K & T. Railway v. City of Ft. Scott, 15 Kan. 435. In announcing the rule in the Tate Case, this court overlooked the decision of Gross v. Funk, 20 Kan. 655, decided in 1878, where, in an opinion by Justice Valentine, the Kansas court held as follows:

"Where due notice of the time and place of settling and signing a case-made for the Supreme Court has been given to the adverse party, such party cannot ignore such notice, or treat it as a nullity, although the time fixed in such notice for settling and signing such case may be earlier than the case could properly be settled and signed. (Nelson v. Becker, 14 Kan. 509, 510, and cases there cited.) And where the judge of the court, in the absence of the adverse party, and without any objection from him or from any other person, settles and signs the case upon such a notice, and nothing further is done concerning the same, the Supreme Court will, in the absence of other irregularities, treat the case as valid."

This rule recognized by the Kansas court is the basis of the rule announced in the cases of Southwestern Surety Ins. Co. v. Dietrich and Ranney-Davis Mercantile v. Morris, supra, and is in absolute harmony therewith. The rule announced in the Dietrich Case was also expressly approved by this court in 1926, in the case of Carr v. St. Louis & San Francisco Railway Co., 118 Okla. 223, 247 P. 38.

It should be borne in mind in connection with this case that there exists a material distinction between a premature settlement of a case-made, which is made without the serving of any notice and without the appearance of the adverse parties, and the premature settlement of a case-made settled pursuant to notice properly given. In the first situation, the appellee having no knowledge of the purported time and place of settlement of the case-made, is deprived of an opportunity to object thereto. In the second situation, he is advised of the time and place of the proposed settlement, and may present his objection thereto to the trial judge. There is also a distinction in connection with the situation presented where a notice of settlement is served depending upon whether the appellee appeared and objected or failed to appear and object at the time and place of settlement. It is this failure to appear and object that constitutes waiving of the right to later object. Bearing these distinctions in mind, an examination of the cases of Sovereign Camp Woodmen of the World v. Chumley, and the City of Enid v. McCann and Frey v. McCune, all cited, supra, it does not appear from an examination of the opinion that the appellee did not appear and object. The question of whether the failure to appear and object constitutes a waiver of objection to the premature settlement was not carefully considered and passed upon in any of these cases. In the case of Kostachek v. Owen, supra, the opinion does not disclose whether a notice was served and an opportunity thereby given to object to a premature settlement of the case-made. In the opinions written in the case of Hubbard v. Meek, supra, it affirmatively appears that no notice of the time and place of settlement was given. In the case of Sharp v. Sharp, supra, it does not appear that a notice of the time and place of settlement was given, and the opinion is also silent as to whether or not the appellee in that case appeared and objected to the premature settlement. It, therefore, appears that with the exception of the case of Cummings v. Tate, and the case of Kolb v. Hightower, cited supra, the other decisions may have all been based

upon fact situations which may distinguish them from the case at bar.

It seems to us that the rule announced in the Dietrich Case is sound in principle and should be followed in the future decisions of this court. Justice Hardy, in the Dietrich Case, pointed out that the situation here presented is analogous to the situation which exists where at the commencement of an action a summons is issued which is defective by reason of a premature answer date being stated therein. In such a case this court has held that if the defendant does not appear and object or move to quash the summons, a valid default judgment may properly be rendered against him. Jones v. Standard Lumber Co., 121 Okla. 186, 249 P. 343. It seems to us that there is no logical reason to draw a distinction between these two situations. If the defective summons designating a premature answer date is sufficient to confer jurisdiction upon the trial court to render a valid judgment, and if an objection made to such defect comes too late when made after judgment, then it seems to us to be obvious that an objection to a premature settlement of a case-made comes too late when made after the same has been settled. We should bear in mind in determining the rule of procedure to be followed by this court that it is the policy of the law that controversies between litigants should be settled upon their merits and the substantial rights of the parties should be determined and preserved. Rules of procedure should be in accord with this policy. Where two conflicting views are presented, it is our opinion that the view should be adopted which tends toward a decision of the cause upon its merits.

If the defendant in error had amendments to suggest, he had ample notice to appear and present them or to object to the premature settlement of the case-made. He should not be permitted to stand idly by and thereby lull his adversary into a feeling of security by his silence, and later be permitted to take advantage of the situation on appeal in this court by a motion to dismiss. If he fails to open his mouth and object to the premature settlement in the court below, this court should silence him when he undertakes to object here. We conceive the principles herein announced to be in accord with sound judicial policy and supported by legal reasoning. These principles are followed generally in connection with the trial of cases. We do not permit a litigant to sit in silence in the trial of a case when the opposite party introduces incompetent evidence, and raise an objection to that for the first time on appeal. A party who claims error based on erroneous instructions must first object to the instruction in the court below. We see no reason to apply a different rule to the premature settlement of a case-made when proper notice of such settlement has been given. The cases cited in support of the contention of the defendant in error, in so far as they conflict with the views herein announced, are hereby overruled.

There are two other grounds of dismissal urged in the motion to dismiss which are without merit:

One is that the case-made was not signed and settled by the judge who tried the case. It affirmatively appears from the record that the judge who tried the case was outside the state at the time of the settlement of the case-made. The controlling section authorizing the settlement by the successor of the judge is section 537, O. S. 1931.

The other ground urged in support of dismissal is that the case-made was not served upon the principal defendant. It affirmatively appears from the record that the principal defendant was not present at the proceedings either in person or by counsel, and he apparently had no attorney of record in the case. In such a case it is unnecessary to serve the case-made on him. Section 531, O. S. 1931.

We, therefore, conclude that the motion to dismiss the appeal should be denied, and the cause retained for determination on the merits.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, and WELCH, JJ., concur. McNEILL, J., absent.

Note.—See under (1) 2 R. C. L. 158, 159.