### BOLAND et al. v. BOLAND.

No. 24761. April 9, 1935.

438

A. M. Baldwin, for plaintiffs in error.

W. L. Chapman and M. W. Chapman, for defendant in error.

PER CURIAM. This is an appeal from an order of the district court of Pottawatomie county denying the motion of the plaintiffs below for judgment upon the pleadings, and awarding judgment upon such motion for the defendant below for costs and attorney fees. The parties occupy the same position in this court as they did in the lower court.

Plaintiffs filed their amended petition in the lower court in reliance upon section 9519, Okla. Stats. 1931, for the recovery of double the amount of interest paid the defendant upon a contract which was alleged to be usurious. Such amended petition and the attached exhibits refer to a promissory note given by the plaintiffs to the defendant on September 20, 1928, for the principal sum of $3,948, due March 20, 1929, and bearing interest at 10 per cent. per annum from its date until paid, and to a written contract between the parties of the same date, which recites that the plaintiffs were indebted to the State National Bank of Shawnee, Okla., in the sum of $3,306, their debt being secured by second mortgage upon certain described real estate in Pottawatomie county, formerly owned by them, but which mortgage had been foreclosed by the holder thereof in the district court of that county, judgment rendered therein on January 30, 1928, the land sold at sheriff's sale under such judgment and purchased by said bank. This contract further provides that the defendant was discharging this indebtedness to said bank and allowing the plaintiffs six months' additional time in which to repay the same; that plaintiffs had on the date thereof executed their warranty deed to the defendant covering such real estate, and that the same would be placed, with the contract, in escrow, and that if such note were not paid on or before its due date, the deed would become absolute, but that if such note were paid on or before maturity, such deed would be inoperative to convey title. The note so referred to in the sum of $3,948 represented the sum total of the amount due the bank of $3,306, taxes due on the real estate in the sum of $142, and an additional sum of $500 which the plaintiffs claim was, together with the interest accumulating on such note at the rate specified on its face, taken or reserved as interest, while the defendant contends it was a bonus to him for handling the transaction. The contract refers to it as follows:

"It is understood and agreed that the note herein provided for, in the sum of $3,948 covers the indebtedness due the State National Bank, the taxes on land for 1927 (amounting to $142) and a $500 bonus to party of the first part for handling this transaction."

The contract further provided that the delivery of the deed to the defendant by the escrow holder upon failure of the plaintiffs to pay such note, should "constitute a complete and absolute payment and cancellation of the indebtedness of" the plaintiffs represented by such note. To this amended petition the defendant filed his answer, the

first paragraph of which denied all allegations of the amended petition except those which were thereafter specifically admitted, and the remaining portions of which denied specifically all of the allegations of such amended petition except the execution of the note and contract above described; specifically denied that the $500 to be paid to him, and included in the note was a charge of interest on the transaction, and alleged that the transaction was one for the purchase and sale of the real estate therein described, and not a loan of money, and that such $500 item was, as stated in the contract, an amount agreed upon between the parties to be paid the defendant for his services in handling the transaction. The note was not paid and was turned over to the plaintiffs at the time their deed was delivered to the defendant.

The plaintiffs then filed their motion for judgment on the pleadings, and on January 18, 1933, such motion was denied and judgment awarded the defendant for costs, including an attorney's fee prayed for in his answer.

1. The defendant has filed his motion in this court to dismiss the appeal, assigning the following grounds in support thereof:

A. Irregularity in the signing and settling of the case-made;

B. That such case-made does not contain all of the record required.

This motion to dismiss should be first disposed of.

Under the first proposition, it appears from the journal entry of judgment entered on January 18, 1933, that the plaintiffs were allowed 30 days (or until February 17, 1933) within which to make and serve case-made; the defendant was allowed five days thereafter (or until February 23, 1933, the last day of such period being a holiday), in which to suggest amendments thereto; and such case-made was to be signed and settled on five days' written notice by either party. Such case-made was served on the defendant on January 23, 1933, on the same day said defendant was served with written notice that the plaintiffs would present such case-made to the district judge for signing and settling on March 6, 1933, at 9 a. m. No amendments were suggested by the defendant and no objections were filed by him to the signing and settling of such case-made until March 6, 1933, and on that date

the same was signed and settled by the district judge.

In support of this proposition, the defendant cites the cases of Bradfield et al. v. Black, 143 Okla. 185, 287 P. 1026, and Kolb et al. v. Hightower, 155 Okla. 1, 8 P. (2d) 23, which hold:

"The time within which to suggest amendments to a case-made begins to run, not from the date of service of the case-made, but from the expiration of the time allowed within which to make and serve the same."

Many other decisions of this court might be cited to the same effect, none of which do we consider in point, since it will be noted that the case-made in the case at bar was not signed and settled until some time after the expiration of the time allowed the defendant to suggest amendments, viz., February 23, 1933. We consider the rule and reasoning of this court in the case of American Surety Co. v. Wolsey, 163 Okla. 270, 20 P. (2d) 158, in which it is held:

"Where, after a case-made for the Supreme Court has been duly served and due notice of the time and place of settling and signing has been given to the adverse party, such party cannot ignore such notice, or treat it as a nullity, although the time fixed in such notice for settling and signing such case-made be earlier than the case-made could properly be settled and signed. And where the judge of the court, in the absence of the adverse party, and without any objection from him or from any other person, settles and signs the case-made upon such a notice, and nothing further is done concerning the same, the Supreme Court will, in the absence of other irregularities, treat the case-made as valid"

—to apply more forcibly and directly to the present case, where it will be noted, although the notice of signing and settling the case-made was given and served before the expiration of the time allowed to make and serve the same, yet the time allowed in such notice does not attempt to shorten the time fixed by the court within which to suggest amendments.

2. Upon the second proposition, the brief of defendant in error complains that the case-made does not reveal what action or if any action was taken by the lower court upon his motion to strike the amended petition from the files, filed by him on July 7, 1932. It is true that this motion does not appear in the case-made, nor does the same refer to it or show what action, if any, was taken on it; however, it will be noted from the defendant's brief that he filed his answer

on October 10, 1932, long after the filing of such motion. Under such state of facts, we consider the reasoning and rule of this court, announced in the case of White v. Johnson, 103 Okla. 88, 229 P. 539, to apply, where it is held:

"Where a party files in a case a motion to strike a pleading from the files, and thereafter files pleadings putting the case at issue, and goes to trial without calling the motion to strike to the attention of the trial court and having a ruling thereon, an assignment of error in the motion for a new trial that the court erred in not sustaining the motion to strike, comes too late, and presents nothing for review."

While the present case did not proceed to trial, yet no objection was made at the time or before the motion for judgment on the pleadings was argued that the previous motion had not been disposed of, and matters of this sort should not be permitted to be raised for the first time in this court.

3. The remaining objection asserted in the motion to dismiss is that the case-made does not contain all of the pleadings preliminary to the amended petition. The statute (sec. 533, Okla. Stats. 1931) provides:

"A party desiring to have any judgment or order of the district, superior or county court, or a judge thereof, reversed by the Supreme Court, may make a case, containing a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to present the errors complained of to the Supreme Court."

The case-made includes the amended petition, answer and defendant's amendment to his answer, motion for judgment on the pleadings, and journal entry of judgment thereon, along with the proceedings following the entry of judgment. As stated by this court in the case of St. Louis & S. F. R. Co. v. Taliaferro, 58 Okla. 585, 160 P. 610:

"Only those matters essential to present the errors complained of need be brought up. The party under this procedure may make a case containing a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to clearly present the points involved, eliminating all unnecessary or irrelevant matter; and, when served and settled as therein authorized, it will be sufficient."

Such preliminary pleadings would be of no assistance in determining the present appeal, and, therefore, need not have been shown in the case-made.

In view of the above and foregoing decisions, the motion of the defendant to dismiss the appeal should be and the same is hereby denied.

4. We come now to the question originally presented by this appeal, e. g., Was the judgment of the lower court for the defendant upon the motion of the plaintiffs for judgment on the pleadings, error? It is readily apparent that the note involved in this controversy provided for the maximum rate of interest; therefore, if the additional sum of $500 provided for by the contract between the parties to be paid by the plaintiffs to the defendant if their land were redeemed, is or should be construed as interest, then the contract contravenes the statute, and recovery should be allowed the plaintiffs. If that is true, the lower court committed error in refusing to award the plaintiffs judgment on the pleadings. If, on the other hand, this $500 item does not constitute an interest charge on a loan of money, but as stated in the contract between the parties, is a "bonus to party of the first part (defendant) for handling this transaction," then the same is not usurious, and the plaintiffs could not recover thereon. Both parties admit and rely upon the same note and contract, the only material difference between them being that the plaintiffs contend that a usurious rate of interest has been exacted from them by the defendant, which the defendant denies and relies upon their contract allowing him this sum as a bonus for his services and assistance. As a matter of fact, no money changed hands between the parties, and, the plaintiffs having already lost their land through foreclosure proceedings which are recited in their contract, it is extremely doubtful if any property of any kind whatsoever changed hands between them. Under the terms of the contract, the defendant was without remedy to collect from the plaintiffs the amount specified in their note to him, but was restricted only to his deed from them to the land. In view of the completed foreclosure proceedings, such deed could convey no title, but title would have to be procured from the purchaser at the sheriff's sale.

5. As stated by this court in the case of Mires v. Hogan, 79 Okla. 233, at page 237, 192 P. 811:

"A motion for judgment on the pleadings searches the whole record, and a judgment may be rendered for the party entitled thereto as the record then stands; that is to say, a judgment on the pleadings may be rendered against the movant as well as his adversary, but the motion

can never prevail unless upon the facts established by the pleadings, the court, as a matter of law, can pronounce a judgment on the merits for one or the other of the parties. 14 Standard Proc. 955, 956. Judgment on the pleadings may be rendered against the moving plaintiff if his petition fails to state facts sufficient to constitute a cause of action, or against the moving defendant if his answer fails to state facts sufficient to constitute a defense. A motion for judgment on the pleadings presents two questions to the court in the order hereinafter named: (1) Is there any issue of material fact? And if no issue of material fact is presented by the pleadings, (2) which party is entitled to judgment? In determining the second question, it is immaterial which party presents the motion, because the motion searches the entire record, and in the absence of an issue of material fact, the court will render judgment on the merits for the party entitled thereto as a matter of law on the admitted facts. However, on the first question, the moving party is at this disadvantage: He is deemed not only to admit, for the purposes of the motion, the truth of every fact well pleaded, but to admit the untruth of his own allegations which have been denied. 14 Standard Proc. 949. On the first question, the adverse party has this advantage: His pleadings will be construed so as to bring to his aid every reasonable intendment in favor of the sufficiency thereof. Thus the answer to the first question, and therefore whether or not the court reaches the second question, may depend somewhat upon which party makes the motion. Sharp Lumber Co. v. Kansas Ice Co. 42 Okla. 689, 142 P. 1016."

The determining question here presented is whether or not under the pleadings there was any issue of fact to be tried. If there were an issue of fact made by the pleadings, in the light of the above ruling, it was error for the trial court to grant the defendant judgment upon the motion for judgment filed by the plaintiffs. Peck v. First National Bank of Claremore, 50 Okla. 252, 150 P. 1029; Mires v. Hogan, supra; Noland v. Owen, 13 Okla. 408, 74 P. 954; Cobb v. Wm. Kenefick Co., 23 Okla. 440, 100 P. 545; Deming Inv. Co. v. Reed, 72 Okla. 112, 179 P. 35; Hurie v. Quigg, 121 Okla. 80, 247 P. 677; Billy et al. v. LeFlore County Gas & Electric Co., 146 Okla. 227, 228, 293 P. 1009.

Since the material facts were not disputed by either party, but are asserted and relied upon by each of them, we consider that the answer of the trial court to the first question presented in such a case, Is there any issue of material fact? was, quite properly, answered in the negative. Judgment on the pleadings should, then, have been entered by the lower court against one of the parties.

In answering the second question presented, the plaintiffs, by their motion admitted, for the purpose of such motion, not only all of the allegations well pleaded in the answer of the defendant, but also the untruth of all of their own allegations which had been denied by the defendant. The application of this principle, however, probably does not dispose of the controversy, for the allegation in either the amended petition or the answer that the charge was or was not one of usury, would amount merely to a conclusion of law, and would not be considered either as admitted or effectually denied. The ultimate facts to be determined by the trial court is whether or not it appears from the pleadings that a usurious interest has, in fact, been charged, reserved or collected; however, in such determination, as above stated, the pleadings of the defendant will be construed so as to bring to his aid every reasonable intendment in favor of the sufficiency thereof.

6. This court has previously held, in the case of Martin et al. v. Oklahoma State Bank, 86 Okla. 113, 206 P. 824:

"In determining whether a contract for the payment of money is usurious, if it appears that the contract or transaction is susceptible of two constructions, one lawful and the other unlawful, the former will be adopted. This on the theory that the parties to the contract have contracted within the law."

To the same effect is the case of Mitchell v. Fisher, 168 Okla. 145 at page 147, 32 P. (2d) 37.

This latter principle of law was, no doubt, invoked by the trial court in the instant case, for it is readily apparent that the contract is susceptible of two constructions: First, one permitting the purchase of the real estate from the owner bank under its sheriff's deed, and the resale thereof to the plaintiffs at the increased price of $500, which would be legal and binding in every respect; second, one solely for the loan of money, in which event the charge made by the defendant would probably come within the statutory definition of interest (section 9516, Okla. Stats. 1931):

"Interest is the compensation allowed for the use or forbearance, or detention of money, or its equivalent."

These latter decisions dispose of this con-

troversy and sustain the ruling of the lower court.

We, therefore, feel that the judgment of the lower court for defendant upon the motion filed by plaintiffs for judgment on the pleadings was correct, and the same is affirmed.

The Supreme Court acknowledges the aid of Attorneys R. O. Wilson, J. E. Burns, and Chester L. Armstrong in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wilson and approved by Mr. Burns and Mr. Armstrong, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.